**Bobby BATTLE, Plaintiff,**

v.

**Wayne LAWSON, Police Chief, Oklahoma City Police Department, Oklahoma County, State of Oklahoma, and Curtis P. Harris, Seventh Judicial District of Oklahoma County, State of Oklahoma, Defendants.**

**No. 72–193.**

United States District Court,
W. D. Oklahoma,
Civil Division.

May 23, 1972.

Bobby Battle, pro se.

Roy H. Semtner, Oklahoma City, Okl., for Lawson.

James R. McKinney, Oklahoma City, Okl., for Harris.

## ORDER

DAUGHERTY, District Judge.

Plaintiff seeks recovery of $132.85 which he claims was taken from him on booking into the Oklahoma City Jail and never returned to him. Defendants have moved to dismiss on the grounds that Plaintiff's action is barred by limitations and that there exists in the case a defect of parties.

Plaintiff alleges:

1. He was arrested and booked on April 17, 1968 into the Oklahoma City Jail by Officer Edward Lee Moore. Personal belongings, including the $132.85 mentioned above, were taken from Defendant. He was given a receipt for the belongings but not the money.

2. He was taken before a magistrate on June 3, 1968 and a preliminary examination was conducted.

3. The District Attorney filed an information on June 5, 1968 charging Plaintiff with Robbery with Firearms after former conviction of a felony, specifying that Plaintiff took $170.00 from one Lafayette Fleming on April 17, 1968.

4. Plaintiff was released on bail, date unspecified, and his personal belongings returned to him. The money was not returned and Plaintiff was given the explanation that the money was being held as evidence.

5. The information previously filed against Plaintiff was dismissed on motion of the District Attorney on July 18, 1969.

6. On an unspecified date, Plaintiff again requested return of the money and was informed that the money was being held pending the refiling of the dismissed charge.

7. Plaintiff began the service of an unrelated sentence in the Oklahoma State Penitentiary on October 21, 1969.

8. Plaintiff was placed in "punitive segregation" from May 7, 1970 until an unspecified day in September, 1971 and was not allowed access to the courts.

9. Plaintiff attempted to file a replevin action against Defendant Harris in the Oklahoma County District Court on September 28, 1971; it does not appear that any action was actually filed.

10. Plaintiff attempted to file a replevin action against Defendant Lawson in the Oklahoma County District Court on October 20, 1971; it does not appear that any action was actually filed.

Plaintiff pleads jurisdiction of the Court under 28 U.S.C.A. § 1343 which authorizes jurisdiction of actions arising under 42 U.S.C.A. § 1983. The Constitutional right which Plaintiff appears to assert is the guarantee of the Fifth Amendment of the Constitution prohibiting the deprivation of property without due process of law. On the basis of such allegations, the Court appears to have jurisdiction of this action.

■ Defendants plead the bar of 12 Okl.St.Ann. § 95,[1] which is applicable to

---

1. The portion of the Statute relied on by Defendants reads as follows:

"Civil actions . . . can only be brought within the following periods,

cases arising under 42 U.S.C.A. § 1983. Crosswhite v. Brown, 424 F.2d 495 (Tenth Cir. 1970). This case apparently placed civil rights actions under the third subdivision of 12 Okl.St.Ann. § 95 to the exclusion of the seventh subdivision of that Statute.[2] The Statute appears to encompass both unlawful takings of personalty as well as injuries to the rights of another. A limitation of two years therefore applies in this case.

 Oklahoma has made provision for the disposition of stolen property. In effect, an officer coming into possession of allegedly stolen property holds it subject to the order of the magistrate before whom the information respecting such property is laid. 22 Okl.St.Ann. § 1322. On satisfactory proof of title thereto, the magistrate may deliver the same to the owner. 22 Okl.St.Ann. § 1323. Petitioner claims to be the owner of the money involved here and it would appear from the above Statutes that from the moment the money was taken from him he could have asserted his title thereto and obtained its return on proof of his title satisfactorily to the examining magistrate. It follows that Plaintiff's cause of action arose at the time the money was taken from him on April 17, 1968. As these facts appear from the face of Plaintiff's Complaint it would appear that his right to the money, whether by replevin or under civil rights, expired after April 17, 1970, unless the Statute was tolled for some reason.

Limitations statutes are not tolled by reason of incarceration. 54 C. J.S. Limitations of Actions § 241, p. 268. Plaintiff alleges he was denied access to the courts from and after May 7, 1970, however, his action was barred on that date. No other circumstance amounting to a possibility of tolling appears in the pleadings or otherwise.

Finally, neither Defendant herein is alleged to have personally participated in or directed that Plaintiff be deprived of the claimed money. The personal involvement of one allegedly denying constitutional rights under color of state law is an essential element of a civil rights claim against him. Nesmith v. Alford, 318 F.2d 110 (Fifth Cir. 1963), cert. den. 375 U.S. 975, 84 S.Ct. 489, 11 L.Ed.2d 420.

For all of the above reasons, Plaintiff's Complaint should be dismissed.

Defendants' Motions To Dismiss are granted and Plaintiff's Complaint is dismissed.

---

after the cause of action shall have accrued, and not afterwards: . . . Third. Within two (2) years: An action . . . for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated . . . "

This Statute also provides:

"Sixth. An action for relief, not hereinbefore provided for, can only be brought within five (5) years after the cause of action shall have accrued."

2. 424 F.2d 495 at p. 496, note 2.