Sonny **TOWNES**, Plaintiff,

v.

Harold R. **SWENSON**, Warden, Missouri State Penitentiary, Jefferson City, Missouri, and Sergeant William Garth, Defendants.

Civ. A. No. 1765.

United States District Court,
W. D. Missouri, C. D.

Nov. 10, 1972.

MEMORANDUM DECISION

Michael P. Riley, of Carson, Inglish, Monaco & Coil, Jefferson City, Mo., for plaintiff.

Michael L. Boicourt and Kenneth M. Romines, Asst. Attys. Gen., and Howard L. McFadden, Jefferson City, Mo., for defendants.

NICHOL, Chief Judge.

Plaintiff, Sonny Townes, is a state convict incarcerated in the Missouri State Penitentiary. He seeks monetary and injunctive relief pursuant to 42 U. S.C. Sec. 1983, redressing alleged deprivations, under color of state law, of rights secured to him by the fifth, eighth and fourteenth amendments to the United States Constitution. The injunctive relief is sought under 28 U.S.C. Secs. 2201 and 2202. Federal jurisdiction is invoked under 28 U.S.C. Sec. 1343. Plaintiff has filed his *pro se* complaint asking to proceed in *forma pauperis*. Permission was granted pursuant to 28 U.S.C. Sec. 1915. Michael P. Riley, an experienced trial attorney from Jefferson City, Missouri, was appointed by the court to represent the plaintiff. Mr. Riley has vigorously presented Mr. Townes' claims.

Plaintiff alleges that on or about August 3, 1971, while an inmate of the Missouri State Penitentiary, he entered the inmates' dining hall and was "accosted" by the defendant, Sergeant William Garth, and asked to remove his hat. Plaintiff complains that he was verbally assaulted by derogatory remarks as to his race (Negro), reprimanded for failing to show due respect to Sergeant Garth's guard authority, and threatened by defendant Garth with a violation report written against plaintiff for questioning a guard's authority. Plaintiff further alleges that between 11:00 a. m. and 3:00 p. m. of August 3, 1971, he was directed to report to the Captain's Shack, and there, in the presence of other penitentiary officers, he was beaten unmercifully by defendant Garth. As a result of this beating and kicking the plaintiff claims he sustained a deep gash over his left eye, a swollen face and bruises on his leg. Plaintiff concludes his allegations by stating that he was threatened with death if he filed a writ, suit, or even mentioned the beating to anyone.

The prayer for injunctive relief is sought to restrain defendant Garth and others from inflicting further corporal punishment upon the plaintiff. Monetary damages are sought from Warden Harold Swenson in the sum of $350,000, representing both punitive and actual damages, because of his control of Sergeant Garth as Warden. From defendant Garth plaintiff seeks $150,000 for actual and punitive damages. A trial to the court was had on all of plaintiff's allegations.[1]

Our Eighth Circuit Court of Appeals is not a stranger to actions initiated by state inmates under the auspices of the Civil Rights Act. 42 U.S.C.A. Sec. 1981 et seq. The appellate court has observed:

> that the federal courts, whether in habeas corpus or in section 1983 contexts, should not be unduly hospitable forums for the complaints of either State or federal convicts; it is not the functions of the courts to run the prisons, or to undertake to supervise the day-to-day treatment and disciplining of individual inmates; much must be left to the discretion and good faith of prison administrators. That is not to say, of course, that the federal courts should not exercise their jurisdiction in proper cases, but the exercise of it should be sparing. (Cases omitted). Sawyer v. Sigler, 445 F.2d 818, 819 (8th Cir. 1971).

■ It is not just any ordinary individual deprivation that is protected by the Civil Rights Act. It is a deprivation of a constitutionally protected right under color of state law. The right violated must be a federal right, i. e., a right protected by the Constitution or laws of the United States. Cole v. Smith, 344 F.2d 721, 723 (8th Cir. 1965). The court succinctly answered in *Cole, supra,* a question confronting this court.

> If the assaults as appellant (in our case plaintiff) here alleges did in fact occur, they could possibly be violative of some state law, but "the problem" confronting us "is not whether state law has been violated," but rather whether a constitutional right has been violated. (Cases omitted). Cole v. Smith, 344 F.2d 721, 724 (8th Cir. 1965).

It is not every assault by a law enforcement officer that comes within the requisites of the Civil Rights Act. In our immediate situation an allegation of a serious, brutal beating has been made against a state penitentiary guard. Generally, "alleged assaults by state prison officials, without any showing of a constitutional violation, are matters for consideration of internal prison discipline of interest solely to the state and actionable, if at all, in the state courts." Cole v. Smith, 344 F.2d 721, 724 (8th Cir. 1965).

■ The Eighth Circuit has not left us without guidelines in determining which assaults reach the magnitude of being a constitutional deprivation. In Burns v. Swenson, 430 F.2d 771 (8th Cir. 1970), the appellate court instructed as to what plaintiff must show to succeed upon his Civil Rights claim. The criteria used is a "case where a prisoner has been administered physical and mental abuse or corporal punishment of such base, inhumane, and barbaric proportions so as to shock and offend a court's sensibilities and the Eighth Amendment as well." (Cases omitted). *Id.* at 778. It is with these principles in mind that we turn to the evidence received at trial.

---

1. An argument has been made for the trial of all Civil Rights actions to a court rather than a jury. In Lawton v. Nightingale, 345 F.Supp. 683 (N.D.Ohio, 1972), a federal district court ruled that the Seventh Amendment right to a trial by jury does not apply to civil rights cases under Sec. 1983.

> If a jury could be resorted to in actions brought under this statute, the very evil the statute is designed to prevent would often be attained. The person seeking to vindicate an unpopular right could never succeed before a jury drawn from a populace mainly opposed to his views.

In our present suit both parties waived a jury trial.

At all relevant times the defendants were employees of the Missouri State Penitentiary. Defendant Swenson was on August 3, 1971, and continues to be the Warden of said prison. Defendant Garth was on the date in question, and continues to be, a Sergeant at the penitentiary.

Sonny Townes was sentenced to three years imprisonment for assault with intent to rob on October 24, 1966, upon a guilty plea. On January 1, 1969, he was convicted of first degree robbery with a dangerous weapon and is now serving a ten year sentence as a result of that conviction.

From all the testimony and evidence in this case, the court finds the following to be credible facts: On August 3, 1971, the plaintiff, Sonny Townes, entered the inmates' dining room at the Missouri State Penitentiary at approximately 11:00 a. m. While in line awaiting his meal the plaintiff was approached by Sergeant Garth and asked to remove his hat while in the dining hall. The plaintiff complied. Upon leaving the dining hall the plaintiff returned to his current assignment of attending school. The plaintiff was attending school at the suggestion of the parole board as a means of improving his opportunity for parole. In the early afternoon of August 3, 1971, plaintiff was received in the inmates' hospital for attention to a cut over his left eye. Plaintiff's exhibit #1, the hospital record sheet of Townes, shows that he had three silk sutures to close a wound over his left eye on that date. The hospital record further notes that the patient "stated that he fell into a door."

Absent from the plaintiff's case is any credible evidence to show that his allegations as to a verbal assault are true. Both Garth and Capt. Glenn Troyer testified as to the serious possible repercussions of a racial remark among a large number of inmates consisting of the Negro race. Such language would "upset" the dining hall; "it wouldn't be good policy." Neither testified as to

particularly remembering this day's events, a problem I am sure neither would have had if a beating had occurred.

Similarly deficient is the proof of the alleged beating. The Captain's Shack is a square building with plate glass windows situated beside a route continually traveled by inmates and prison personnel. It is within this rectangular fishbowl that plaintiff claims he was beaten. When pressed by defense counsel for the approximate number of blows struck he agreed that it could range up to one hundred blows and possibly fifty kicks. All this transpired within a time lapse of five minutes. As a result of this alleged brutal beating he received only one wound over the left eye and defendant Garth failed to show any damage to his hands or other part of his body. There was never a violation report written because of plaintiff's conduct on August 3, 1971, nor was there an Inter Office Communication written by any prison personnel reporting the abusive conduct of defendant Garth. Both these reports are standard operating procedure following an incident within the prison. In addition, plaintiff did not complain to the hospital attendant or anyone else of his leg bruises. He also remained silent, in conversations with his fellow inmates, as to the threat of death if he told of this beating.

■ Plaintiff did in fact receive hospital attention for a wound over his left eye as borne out by the hospital records. But that wound was received from a collision with a door, as plaintiff's own witness, inmate Kosmicki, testified Townes related to him. Plaintiff has wholly failed to show that his injuries were the result of any action by defendants Garth or Swenson. In this respect, as to the latter defendant, the court ruled at the close of plaintiff's evidence that a case against Warden Swenson had failed to be shown. Under the provisions of the Civil Rights Act the doctrine of respondeat superior does not apply and personal involvement of the

**1250**

defendant is required. Adams v. Pate, 445 F.2d 105 (7th Cir. 1971).

As the trier of fact and from the principles of law set forth above, this court concludes that plaintiff has failed to show *any assault* by defendant Garth on or about August 3, 1971. The plaintiff, therefore, certainly has not suffered any constitutional deprivation.

Accordingly, it is hereby

Ordered and adjudged that plaintiff's claims for money damages and equitable relief are without merit and he is not entitled to recovery from either defendant. Defendants are entitled to and are granted judgment on all issues.

This memorandum decision constitutes the findings of fact and conclusions of law as required by Fed.R.Civ.P. 52.