·Georgia **WASHINGTON,**
**Plaintiff,**

v.

**Park J. ANDERSON, Warden, Oklahoma
State Penitentiary, Defendant.**

**Civ. No. 73–135.**

United States District Court,
E. D. Oklahoma,
Civil Division.

Feb. 13, 1974.

in the form of record player and records and certain clothing, that she has been subjected to the use of mace, that she has been subjected to improper treatment by virtue of her race which amounts to racial discrimination; that she has been locked up and not in her pleadings but at trial she testified about not being heard by the Oklahoma Pardon and Parole Board.

Plaintiff seeks relief herein in the form of an Order from this Court that she be removed from the Oklahoma State Penitentiary.

The Defendant has answered the complaint denying the allegations thereof. The Court has conducted an evidentiary hearing. The State of Oklahoma has voluntarily produced the Plaintiff in open Court so that she may testify regarding her complaints.

On the evidence presented to the Court, the following findings of fact and conclusions of law and decisions are made herein:

■■■ (1) The Plaintiff's complaint of improper medical attention is not supported by the evidence. To the contrary it appears that Plaintiff has received excellent medical care and attention. Plaintiff has been seen numerous times by a qualified medical doctor. Plaintiff's complaint that she fell injuring her back was attended to by immediate medical observation of the back, then followed by an X-ray which was negative and in connection with said complaint Plaintiff was furnished medication. Plaintiff apparently complained of menstrual cramps but the evidence shows that she received medical attention therefor and was furnished with prescribed medicine. Plaintiff's complaints that some other inmates appeared to have a rash is not supported by any evidence that the same was infectious. Plaintiff complained of nerves for which she was prescribed and given tranquilizer medicine. Plaintiff's sickline record was introduced into evidence which disclosed numerous contacts

Georgia Washington, pro se.

Kay Karen Kennedy, Asst. Atty. Gen., Oklahoma City, Okl., for defendant.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

Plaintiff, an inmate in the Oklahoma State Penitentiary, has brought this action under the Civil Rights Act, 42 U.S. C. § 1983, against Defendant Park J. Anderson, former Warden of the Oklahoma State Penitentiary, complaining that acting under color of State law said Defendant deprived Plaintiff of certain of her civil rights in connection with her confinement as a prisoner in the Women's Ward of said institution.

Plaintiff complains that she has not been given proper medical care, that certain of her property has been destroyed

between Plaintiff and prison medical personnel. The evidence further disclosed that Plaintiff was given a complete physical examination upon her entry into the institution and that it was institutional policy which had been followed that all prisoners are given a further physical examination once each year. The Court would observe that this is better than the great majority of people receive on the outside. The Court finds that under the evidence there is absolutely no merit to Plaintiff's complaint in this respect. The institution is fully meeting the requirements of Coppinger v. Townsend, 398 F.2d 392 (Tenth Cir. 1968) and 51 A.L. R.3d 111 at page 179. Moreover, Plaintiff produced no evidence that the Defendant denied her any needed medical care either directly or by failing to have adequate personnel or facilities. It is the general rule that an official will not be liable in a Civil Rights action unless he directly and personally participates in conduct under color of State law which deprives the plaintiff of rights, privileges, and immunities secured him by the Federal Constitution. Richardson v. Snow, 340 F.Supp. 1261 (D.Md.1972). It is an essential element of a Civil Rights claim that the particular defendant be personally involved in the alleged denial of the Constitutional right. Battle v. Lawson, 352 F.Supp. 156 (W.D. Okl.1972). Townes v. Swenson, 349 F. Supp. 1246 (W.D.Mo.1972) ; Campbell v. Anderson, 335 F.Supp. 483 (D.Del.1971).

(2) Plaintiff's complaint about the destruction of certain of her property is found to be without merit. In the first place, Plaintiff produced no evidence that the Defendant she has sued either took or destroyed her personal property. Furthermore, Plaintiff testified that it was prison policy that any personal property taken from an inmate would not be destroyed but would either be returned to the inmate if proper for the inmate to have the same or be shipped to a designation made by the inmate. There is thus no evidence that Defend-

ant in any way participated either directly or indirectly or in any way directed that any of Plaintiff's personal property be destroyed. Again, it is the general rule that an official will not be liable in a Civil Rights action unless he directly and personally participates in conduct under color of state law which deprives the plaintiff of rights, privileges, and immunities secured him by the Federal Constitution. Richardson v. Snow, 340 F.Supp. 1261 (D.Md.1972). It is an essential element of a Civil Rights claim that the particular defendant be personally involved in the alleged denial of the Constitutional right. Battle v. Lawson, 352 F.Supp. 156 (W.D.Okl.1972). Townes v. Swenson, 349 F.Supp. 1246 (W.D.Mo.1972); Campbell v. Anderson, 335 F.Supp. 483 (D.Del.1971). Moreover, the evidence reflected that if Plaintiff had a record player belonging to her that there would have been an institutional record thereof inasmuch as the same would have had to have been received by Plaintiff through the mails. Testimony revealed that the mail records indicated that Plaintiff had not received a record player. The Court finds in these circumstances that Defendant did not in any way violate any of Plaintiff's civil rights in this respect.

(3) The only testimony of Plaintiff about being maced was in connection with a March 13, 1973 incident in which a large number of inmates refused to leave the recreation room of the Women's Ward after being ordered many times to do so by prison officials including a Deputy Warden, that Plaintiff herself when certain inmates undertook to obey the order told them to sit down; that only two shells were used and the Court finds and concludes in these circumstances this use of mace was proper for the control of disobedient inmates, for the protection of state property, (some was damaged) for the self-protection of prison officials and also for the protection of the inmates involved who otherwise no doubt could have been involved in some form of

physical encounter.[1] This being a proper use of mace, Plaintiff's constitutional rights were not in any way violated. In fact, Plaintiff actively provoked this proper use of mace. Moreover, the Defendant made no use of mace on Plaintiff. Again, it is the general rule that an official will not be liable in a Civil Rights action unless he directly and personally participates in conduct under color of State law which deprives the plaintiff of rights, privileges, and immunities secured him by the Federal Constitution. Richardson v. Snow, 340 F.Supp. 1261 (D.Md.1972). It is an essential element of a Civil Rights claim that the particular defendant be personally involved in the alleged denial of the Constitutional right. Battle v. Lawson, 352 F. Supp. 156 (W.D.Okl.1972). Townes v. Swenson, 349 F.Supp. 1246 (W.D.Mo.1972); Campbell v. Anderson, 335 F.Supp. 483 (D.Del.1971).

(4) Plaintiff's evidence falls far short of a showing of racial discrimination. Plaintiff produced no evidence of segregated housing, feeding, working, hospitalization or recreational activities. In fact, the Plaintiff testified that her present assignment was that of cook and that the other two cooks serving with her were one black and one white. The Plaintiff inferred that disciplinary action taken against her was because of her race. To the contrary, the Court finds and concludes that disciplinary action taken against her was because of her own misconduct. The evidence discloses that the Plaintiff is a troublemaker and is prone to violent action. Plaintiff has shown no racial discrimination. To the contrary, the evidence clearly indicates the women's ward is fully integrated.

(5) Plaintiff's complaint of being in lockup is vague and general but the evidence before the Court including official prison records discloses that she was placed in lockup as a result of miscon-

duct and in connection therewith was afforded a hearing before a Prison Disciplinary Court at which the charge of refusing to obey orders was explained to her and she was afforded an opportunity to refute the charges. In Adams v. Pate, 445 F.2d 105 (Seventh Cir. 1971) it is held:

"The usual institutional procedure is that prior to the imposition of confinement in segregation, the prisoner is to be taken before the Disciplinary Captain for a hearing and determination of guilt or innocence, and if found guilty, to have him designate the punishment. It thus appears that the prisoner is confronted with the accusation against him and afforded a reasonable opportunity to deny the accusation or explain his actions. In the context of the nature of the administrative action here involved, this would appear to fairly and rationally satisfy the concept of procedural due process. Sostre v. McGinnis, supra." [442 F.2d 178, (Second Cir. 1971)].

Plaintiff's complaint in this regard is without merit.

■ As to Plaintiff's belated complaint about not being given pardon and parole board consideration, Plaintiff has no constitutional right to either a pardon or parole. Carson v. Executive Director, Department of Parole, 292 F. 2d 468 (Tenth Cir. 1961); Gregory v. Page, 289 F.Supp. 316 (E.D.Okl.1968). Plaintiff produced no evidence that the Defendant in any way has acted to prevent her appearance before the Oklahoma Board of Pardon and Parole had the Board desired to consider Plaintiff's case. This belated complaint is patently without merit.

It is appropriate to note with reference to this case what our Circuit said in Coppinger v. Townsend, *supra:*

"The internal affairs of prisons, including the discipline, treatment, and

---

1. Beishir v. Swenson, 331 F.Supp. 1227 (W. D.Mo.1971) holds:

"Neither can it be said to be unreasonable to resort to the judicious use of mace to

regain control and establish order after lesser means have failed."

care of prisoners are ordinarily the responsibility of the prison administrators and not subject to judicial review."

Based on the foregoing, the Court finds and concludes that Plaintiff's civil rights have not been violated by the Defendant as claimed by Plaintiff and, accordingly, Plaintiff's action should be dismissed and Judgment should be entered accordingly.