**Aaron H. ARMSTRONG, Plaintiff,**

v.

**Leo McCRACKEN, Director, Oklahoma Department of Corrections, and/or Park J. Anderson, Warden, Oklahoma State Penitentiary, Defendants.**

**No. 73–53.**

United States District Court,
E. D. Oklahoma,
Civil Division.

Feb. 14, 1974.

Aaron H. Armstrong, pro se.

Kay Karen Kennedy, Asst. Atty. Gen., Oklahoma City, Okl., for McCracken.

Willard M. Gotcher, McAlester, Okl., for Anderson.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

Plaintiff, an inmate in the Oklahoma State Penitentiary, has brought this action under the Civil Rights Act, 42 U.S.C. § 1983 against Defendants Leo McCracken, former Director of the Oklahoma Department of Corrections, and Park J. Anderson, former Warden of the Oklahoma State Penitentiary, complaining that under color of State law said Defendants deprived Plaintiff of certain of his civil rights in connection with his confinement as a prisoner in said institution.

Plaintiff complains that he was placed in segregation without due process of law; was denied access to the Courts;

that certain of his personal property has been confiscated; that he was denied proper medical attention; that he was subjected to mace and tear gas and that his cell conditions were such as to amount to cruel and unusual punishment.

Plaintiff seeks $600,000.00 in damages against the Defendants, certain injunctive relief and the restoration of good time and work time credit lost through confinement in segregation.

Defendants have answered the Complaint denying the allegations thereof. The Court has conducted an evidentiary hearing. The State of Oklahoma has voluntarily produced the Plaintiff in open Court that he may testify regarding his complaints.

Under the evidence presented to the Court, the following findings of fact and conclusions of law and decisions are made herein:

(1) Plaintiff complains that on two occasions he was placed in segregation without due process of law. The Court finds however from the evidence that in each instance Plaintiff was notified of and knew the charges against him, was taken before the Prison Disciplinary Court, was present during the hearing, was given an opportunity to refute the charges against him, was found guilty in each instance, the first being theft and destruction of property, the second being the cursing of an officer and refusal to give his prison number. The Plaintiff testified with considerable uncertainty about a third confinement in segregation immediately following the second one above but the Court finds from the official prison records and from the evidence presented that no such immediate confinement in segregation took place. In this connection on February 6, 1970, the Prison Disciplinary Court found the Defendant guilty of theft and destruction of property and confined him to administrative segregation; on June 12, 1970 the Prison Disciplinary Court found Plaintiff guilty of cursing an officer and refusing to give his prison number; Plaintiff was re-moved from segregation as a result of these two violations on December 16, 1971 but contrary to Plaintiff's position he was not immediately placed back in segregation but on January 28, 1972 he was found guilty by the Prison Disciplinary Court and placed on punishment work gang detail for possession of and sniffing lacquer thinner. Plaintiff's complaint of not being afforded due process is without merit as he was charged with rules infractions, was taken before the Prison Disciplinary Court, was advised of the charges against him and was given an opportunity to refute the same. This is shown by the official records of the prison and the Court finds such to be the true facts. In Adams v. Pate, 445 F.2d 105 (Seventh Cir. 1971) it is held:

> "The usual institutional procedure is that prior to the imposition of confinement in segregation, the prisoner is to be taken before the Disciplinary Captain for a hearing and determination of guilt or innocence, and if found guilty to have him designate the punishment. It thus appears that the prisoner is confronted with the accusation against him and afforded a reasonable opportunity to deny the accusation or explain his actions. In the context of the nature of the administrative action here involved, this would appear to fairly and rationally satisfy the concept of procedural due process. Sostre v. McGinnis, *supra* [442 F.2d 178, Second Cir. 1971]."

In these circumstances Plaintiff's request for restoration of good time and work time credits is denied as it is proper that they may be lost when undergoing punishment for prison misconduct.

(2) Plaintiff offered no evidence, though given the opportunity, as to his complaint of being denied access to the Courts.

(3) Plaintiff presented no evidence that either of the Defendants sued herein confiscated his personal property either directly or indirectly. In fact he could not name the person who took his property. It is the general rule that an official will not be liable in

a Civil Rights action unless he directly and personally participates in conduct under color of state law which deprives the plaintiff of rights, privileges, and immunities secured him by the Federal Constitution. Richardson v. Snow, 340 F.Supp. 1261 (D.Md.1972). It is an essential element of a Civil Rights claim that the particular defendant be personally involved in the alleged denial of the Constitutional right. Battle v. Lawson, 352 F.Supp. 156 (W.D.Okl.1972). Townes v. Swenson, 349 F.Supp. 1246 (W.D.Mo. 1972); Campbell v. Anderson, 335 F. Supp. 483 (D.Del.1971).

■ (4) Plaintiff's complaint about receiving inadequate medical attention is based on his being gassed by a guard. The evidence reflects however that he was sent to the hospital, was examined, did see a doctor and no showing is made sufficient to indicate that either Defendant denied Plaintiff adequate medical care, or directed that he not receive medical care, or participated in any such denial. Moreover, the Court finds that as the Plaintiff did enter the hospital and was examined and treated by a doctor that he was furnished adequate medical care. The requirements of Coppinger v. Townsend, 398 F.2d 392 (Tenth Cir. 1968) are met under the evidence herein. Again, it is the general rule that an official will not be liable in a Civil Rights action unless he directly and personally participates in conduct under color of state law which deprives the plaintiff of rights, privileges, and immunities secured him by the Federal Constitution. Richardson v. Snow, *supra*. It is an essential element of a Civil Rights claim that the particular defendant be personally involved in the alleged denial of the Constitutional right. Battle v. Lawson, *supra*; Townes v. Swenson, *supra*; Campbell v. Anderson, *supra*. There is no evidence that the Defendants herein denied Plaintiff necessary medical care.

(5) Plaintiff presented no evidence that either Defendant sued herein for $600,000.00 in money damages either subjected him to mace or tear gas at anytime, or directed the same or in any way participated in such alleged violation of his civil rights. The evidence indicates that an officer by the name of A. J. Cox was involved in using either mace or tear gas on the Plaintiff and not the Defendants. The prison doctor testified that he made a recent medical examination of the Plaintiff and had him examined by an eye specialist and found no disability attributable to use of mace or tear gas. It was found that the Plaintiff is in need of corrective eye glasses and that such need is not related to Plaintiff's complaints with reference to being subjected to mace and tear gas. The Court finds from the evidence that the prison policy on the use of mace and tear gas was that the same was not to be used as punishment but only to stop fights, for self protection and to prevent destruction of State property. Again, it is the general rule that an official will not be liable in a Civil Rights action unless he directly and personally participates in conduct under color of state law which deprives the plaintiff of rights, privileges, and immunities secured him by the Federal Constitution. Richardson v. Snow, *supra*. It is an essential element of a Civil Rights claim that the particular defendant be personally involved in the alleged denial of the Constitutional right. Battle v. Lawson, *supra*; Townes v. Swenson, *supra*; Campbell v. Anderson, *supra*.

■ (6) Plaintiff has failed to support his claim about being subjected to cruel and unusual punishment by the conditions of his cell and confinement. Testimony reveals that the cells used for segregation are the same size as most cells in the prison; that they are equipped with an iron bunk, mattress and bedding; that there is a toilet and a lavatory with running water and that there is an electric light in the cell. The cells are open on the front and there is a vent at the rear of the cell. The building is ventilated by fans. Showers and fresh clothing are afforded at reasonable intervals. The evidence therefore reflects that the cell conditions did not

292

amount to an infliction of cruel and unusual punishment on the Plaintiff. In Adams v. Pate, *supra,* it was held:

"While these alleged cell conditions undoubtedly would make confinement in such quarters unpleasant, they do not constitute conditions 'so foul, so inhuman and so violative of basic concepts of decency' to fall within the proscriptions of the Eighth Amendment".

Buszka v. Johnson, 351 F.Supp. 771 (E.D.Pa.1972) holds that solitary confinement in and of itself is not cruel and unusual punishment. This case also requires a showing of barbaric conditions or exceptional circumstances before the Court has jurisdiction of a prisoner's civil rights complaint about maximum security cell conditions. Plaintiff's evidence completely fails to meet the requirements of the test set out in this case.

Based on the foregoing, the Court finds and concludes that Plaintiff's civil rights have not been violated by the Defendants as claimed by Plaintiff and, accordingly, Plaintiff's action should be dismissed with prejudice and Judgment should be entered accordingly.