**Jesse Allen HILL, Plaintiff,**

**v.**

**Park J. ANDERSON, Warden, Oklahoma State Penitentiary, Leo McCracken, Director, Department of Corrections, Defendants.**

**Civ. No. 73–87.**

United States District Court,
E. D. Oklahoma,
Civil Division.

March 5, 1974.

Jesse Allen Hill, pro se.

K. Karen Kennedy, Asst. Atty. Gen., Oklahoma City, Okl., for defendants.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

Plaintiff, an inmate in the Oklahoma State Penitentiary, has brought this action under the Civil Rights Act, 42 U.S.C. § 1983, against Defendants Park J. Anderson, former Warden of the Oklahoma State Penitentiary and Leo McCracken, former Director of the Oklahoma Department of Corrections, complaining that acting under color of State law said Defendants deprived Plaintiff of certain of his civil rights in connection with his confinement as a prisoner in said institution.

Plaintiff complains that said Defendants have practiced racial discrimination against him with reference to housing and job assignment, that he has been abused and taunted, that he has been subjected to tear gas, that he was placed in maximum segregation without charges being made against him; that he has been denied access to the Courts.

The Plaintiff seeks relief herein in the form of money damages for the sum of $575,000.00 plus $35.00 for each day in which he was confined in maximum segregation. Plaintiff also requests this Court to order him to a Federal Institution or transferred to some other State institution. Plaintiff also requests an injunction against the Defendants enjoining them from the misuse of their powers.

Defendants have answered the complaint denying the allegations thereof.

The Court has conducted an evidentiary hearing. The State of Oklahoma has voluntarily produced the Plaintiff in open Court so that he may testify regarding his complaints.

■■ On the evidence presented to the Court the following findings of fact and conclusions and decisions are made herein:

(1) Plaintiff, who is black, testified that early in 1973 he made a request to be moved to what is known as the "F" cellhouse. The Plaintiff further testified that at that time this cellhouse contained only whites or Indians. The Plaintiff testified that he heard nothing from his request to be moved to said cellhouse. It appears from the evidence that the "F" cellhouse is no longer utilized as aforesaid and is now the area of the prison in which new prisoners are housed when first received at the institution. It appears from the evidence that on October 20, 1972 by directive issued by the Oklahoma Department of Corrections that all facilities at the Oklahoma State Penitentiary were ordered integrated and racial segregation was prohibited. The evidence revealed that in keeping with such directive the Oklahoma State Penitentiary was in fact integrated. The previous policy of white and black mess lines and seating in the dining room was discontinued and inmates were allowed to be in both lines and sit in the mess hall where they desired; that recreational activities were integrated; that work assignments were integrated; that hospital facilities were integrated; that personnel in all administrative offices were integrated and housing was integrated with the possible exception of "F" cellhouse. Testimony further revealed that Penitentiary officials started to move blacks into the "F" cellhouse and when this was undertaken all of the inmates in said cellhouse "rared up" which means that they protested the action and indicated that disturbances and other problems would ensue should the move be pursued. The evidence revealed that in these circum-

stances the Penitentiary administration for the time being slowed up this facet of integrating the prison. From the evidence including prison policy the Court is satisfied that the State of Oklahoma in good faith undertook to integrate the Oklahoma State Penitentiary and did in fact integrate the same with the sole temporary exception of "F" cellhouse which problem has now been eliminated by using this area for the reception of new prisoners. The Court is satisfied from the evidence presented that the State of Oklahoma and the Defendants in their official positions made a good faith effort toward integration of the Oklahoma State Penitentiary and though the "F" cellhouse was not integrated for a while the actions of the Defendants in this connection are deemed excusable and a proper exercise of discretion in the interest of avoiding prison violence and maintaining proper prison discipline and order at the time complained of herein by Plaintiff. Defendants did not act arbitrarily or capriciously with reference to "F" cellhouse and the problem was worked out in due course. See Rentfrow v. Carter, 296 F.Supp. 301 (N.D.Ga.1968). In these circumstances, the Court finds that Defendants did not violate Plaintiff's civil rights as he claims. Moreover, Plaintiff was not entitled to a specific cell or cellhouse by making a request therefor.

■ Plaintiff complains about not getting a desired clerks job in the Security Office or in the Captain's Office. Again, Plaintiff is not entitled to a job assignment of his choice in the prison. Medlock v. Burke, 285 F.Supp. 67 (E.D. Wis.1968). Moreover, Plaintiff presented no evidence that either Defendant sued herein had anything to do with his request for a new job assignment. The evidence was that the Prison Chief of Security was the final authority to pass on job assignments of inmates within the prison. Furthermore, Plaintiff presented no evidence as to who declined his request for the desired jobs or why he was not favorably considered. In these circumstances, Plaintiff has

failed to show by any evidence that either Defendant discriminated against him as to his job assignment because of his race. It is the general rule that an official will not be liable in a Civil Rights action unless he directly and personally participates in conduct under color of state law which deprives the plaintiff of rights, privileges, and immunities secured him by the Federal Constitution. Richardson v. Snow, 340 F.Supp. 1261 (D.Md.1972). It is an essential element of a Civil Rights claim that the particular defendant be personally involved in the alleged denial of the Constitutional right. Battle v. Lawson, 352 F.Supp. 156 (W.D.Okl.1972); Townes v. Swenson, 349 F.Supp. 1246 (W.D.Mo.1972); Campbell v. Anderson, 335 F.Supp. 483 (D.Del.1971).

■ (2) Plaintiff presented no evidence with reference to his being abused or taunted by either Defendant or in fact by any official of the Oklahoma State Penitentiary. It is deemed that Plaintiff has abandoned this complaint by failing to present any evidence in support thereof.

(3) Likewise, Plaintiff failed to present any evidence that he had been subjected to the use of tear gas at anytime by either Defendant or by any other prison official. In these circumstances it is deemed that Plaintiff has abandoned this complaint by presenting no evidence in support thereof.

■ (4) Plaintiff's contention that he was placed in maximum segregation without a charge being made against him is disproved by the evidence. In fact, Plaintiff himself testified that in June, 1973, he was arrested by Captain Smith for having in his possession contrary to prison rules legal materials belonging to other inmates. Plaintiff further testified that he went to court on the charge; that the charge was read or stated to Plaintiff; that he had an opportunity to refute the same; that the Prison Disciplinary Court did sentence him to the punishment work gang (PWG) for such rule infraction.

The Plaintiff spent twenty-five days on PWG before being released. Thus, Plaintiff's complaint of being placed in maximum segregation without charge is false. Moreover, Plaintiff was afforded due process in the Disciplinary Court proceeding by being advised of the rule infraction of which he was charged, being brought before the Court, and being given an opportunity to explain or refute the charges. In Adams v. Pate, 445 F. 2d 105 (Seventh Cir. 1971) it is held:

> "The usual institutional procedure is that prior to the imposition of confinement in segregation, the prisoner is to be taken before the Disciplinary Captain for a hearing and determination of guilt or innocence, and if found guilty, to have him designate the punishment. It thus appears that the prisoner is confronted with the accusation against him and afforded a reasonable opportunity to deny the accusation or explain his actions. In the context of the nature of the administration action here involved, this would appear to fairly and rationally satisfy the concept of procedural due process. Sostre v. McGinnis, supra [442 F.2d 178, Second Cir. 1971]."

Again, it is the general rule that an official will not be liable in a Civil Rights action unless he directly and personally participates in conduct under color of state law which deprives the plaintiff of rights, privileges, and immunities secured him by the Federal Constitution. Richardson v. Snow, *supra*. It is an essential element of a Civil Rights claim that the particular defendant be personally involved in the alleged denial of the Constitutional right. Battle v. Lawson, *supra;* Townes v. Swenson, *supra;* Campbell v. Anderson, *supra*. Plaintiff presented no evidence that either Defendant placed him in maximum segregation.

 (5) Plaintiff's complaint that he has been denied access to the Courts by the Defendants is not supported by any evidence presented by Plaintiff. To the contrary the file in this case indicates the numerous contacts between the Plaintiff and this Court and belies this charge in this connection.

In connection with the evidentiary hearing in this matter, Plaintiff presented his own sworn affidavit which he desired introduced in evidence. The Defendants objected which objection, of course, the Court was required to sustain. The Plaintiff was present and capable of personally testifying to everything contained in his own affidavit.

At the start of the trial, the Plaintiff presented to the Court a request for the production of documents. Following a discussion of the request, it appeared that the Defendants did have in Court most if not all of the desired documents in Plaintiff's request. As the trial proceeded, it appeared to the Court and the Court finds that all pertinent documents requested by the Plaintiff were in fact produced and are part of the evidentiary record herein.

Plaintiff's request that twelve of his fellow inmates be subpoenaed and produced in open Court at Government expense which request was filed shortly before the trial was denied by a separate order of the Court entered herein for the reasons therein stated. As to non-inmate witnesses also desired at Government expense by the Plaintiff, the Court advised the Plaintiff that their production would depend upon the Plaintiff showing the need and necessity of their testimony in order to establish his complaints. The Plaintiff made no such showing in his testimony.

Based on the foregoing, the Court finds and concludes that Plaintiff's civil rights have not been violated by the Defendants as claimed by Plaintiff and, accordingly, Plaintiff's action should be dismissed and Judgment should be entered accordingly.