Dewey L. SHERIDAN, a/k/a Monty Sheridan, and Boyd Walker

v.

Cecil ANDRUS, Secretary, U. S. Department of the Interior, Joseph Dolan, U. S. Attorney for the District of Colorado, and United States of America.

Civ. A. No. 78–K–982.

United States District Court, D. Colorado.

Feb. 21, 1979.

Horses and Burros Act, *as amended*, 16 U.S.C. §§ 1331–1340, and the Civil Rights Act under 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1391(e). Plaintiffs allege that defendants herein, acting under the apparent authority of the Wild Free-Roaming Horses and Burros Act, "have gathered and continue to gather so-called 'wild' horses in the Sand Wash and Douglas Mountain areas of north-western Colorado, many of which horses are either owned or are the progeny of horses owned by the plaintiffs." Plaintiffs claim that such actions have been unlawful; that the horses rightfully belong to plaintiffs; that during the process of gathering horses the defendants have utilized private lands owned by plaintiffs; that certain trespass fees have been wrongfully assessed against plaintiffs; and that plaintiffs have been deprived of their rights, privileges and immunities secured by the Constitution and laws of the United States as a result of said actions.

Defendants filed a motion to dismiss the amended complaint on February 14, 1979. As grounds therefor, defendants urge that plaintiffs have failed to state a claim upon which relief can be granted; that they have failed to exhaust their administrative remedies; and that this court lacks jurisdiction over the subject matter herein.

Plaintiffs allege that defendants have carried out the enumerated unlawful actions in concert with state officers of the State of Colorado and that all of said activities have been conducted under color of legal authority. Courts in this circuit have consistently recognized that "personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976); *Battle v. Lawson*, 352 F.Supp. 156 (W.D.Okl.1972). The United States Supreme Court, in *Monell v. Department of Social Services of New York City*, , 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), rejected the contention that the doctrine of *respondeat superior* is applicable to actions under 42 U.S.C. § 1983. Since plaintiff has failed to allege personal participation on the part of

Stanley F. Johnson, Johnson, Doty, Johnson & Bierbaum, Boulder, Colo., for plaintiffs.

Jerry B. Tompkins, Asst. U. S. Atty., Denver, Colo., for defendants.

ORDER OF DISMISSAL

KANE, District Judge.

The jurisdiction of this court is invoked pursuant to the administration and enforcement provisions of the Wild Free-Roaming

any named defendants, defendants' motion to dismiss all claims predicated on 42 U.S.C. § 1983 is granted.

Plaintiffs further allege that this court has jurisdiction since a "federal question" exists concerning the administration and enforcement provisions of the Wild Free-Roaming Horses and Burros Act, *supra*. Defendants have moved to dismiss this claim on the grounds that the existence of this federal statute does not entail the existence of a federal question within the meaning of 28 U.S.C. § 1331, and that, in any event, plaintiffs have failed to exhaust their administrative remedies.

Title 16, U.S.C., § 1333(a) places "all wild free-roaming horses and burros . . . under the jurisdiction of the Secretary for the purpose of management and protection in accordance with the provisions of this chapter." Title 16, U.S.C., § 1336 provides:

The Secretary is authorized to enter into cooperative agreements with other landowners and with the State and local governmental agencies and *may issue such regulations as he deems necessary for the furtherance of the purposes of this chapter.* (Emphasis added.)

■ Recovery rights are specifically provided in the Act for any person claiming ownership of a horse or burro situated on public lands. However, recovery is permissible only if allowed under the branding and estray laws of the particular state in which the animal is found.

Following the passage of this Act regulations were promulgated to carry out the provisions thereof. *See* 43 C.F.R. §§ 4700 *et seq.* Title 43, Code of Federal Regulations, Subpart 4720.2 provides:

(a) Any person claiming ownership under State branding and estray laws of unbranded or branded horses or burros on public land where such animals are not authorized must present evidence of ownership to justify a roundup before permission will be granted to gather such animals. Claims of ownership with supporting evidence were required to be filed during a 90-day claiming period which expired November 15, 1973. *Unauthor-ized privately owned horses or burros entering onto the public lands after November 15, 1973, may be claimed by filing an application with the District Manager.* All written authorizations to gather claimed animals shall be on a form approved by the Director and shall provide for compliance with appropriate provisions of Subpart 4720. After such public notice as the authorized officer deems appropriate to inform interested parties, he may authorize the gathering or roundup. The authorized officer shall provide in the authorization that the gathering or roundup shall be consistent with these regulations; shall establish in the authorization a reasonable period of time to allow the gathering of the claimed animals; and shall provide such other conditions in the authorizations which he deems necessary to minimize stress on any associated wild free-roaming horses or burros and to protect other resources. (Emphasis added.)

(b) Animals captured in Bureau of Land Management conducted roundups and determined to be privately owned may be secured by the appropriate claimant upon payment of trespass charges in accordance with § 4720.3, and a per head share of helicopter rental and other associated costs determined appropriate by the authorized officer.

■ The law is clear that the decision on animal ownership is ultimately to be made by federal authorities. *See American Horse Protection Association v. United States Department of Interior*, 179 U.S. App.D.C. 246, 551 F.2d 432 (1977). The constitutionality of this congressional delegation of power to the Secretary of the Interior [acting through the Bureau of Land Management] and the Secretary of Agriculture [acting through the Forest Service] to protect and manage "all unbranded and unclaimed horses and burros on public lands of the United States," was upheld by the United States Supreme Court in *Kleppe v. New Mexico*, 426 U.S. 529, 96 S.Ct. 2285, 49 L.Ed.2d 34 (1976).

■ Although plaintiffs allude to the fact that defendants have assessed certain trespass fees against them, they have not

alleged completion of the administrative remedies which must be pursued prior to coming to this court. *See* 43 C.F.R. § 4700 *et seq.* In the event plaintiffs exhaust their administrative remedies, any action in this court must be one for judicial review of agency action as provided in the Administrative Procedure Act, 5 U.S.C. § 702. In *American Horse Protection Association v. United States Department of Interior, supra,* the United States Court of Appeals for the District of Columbia held:

> With the single exception of the proposed regulations which are silent on the matter, all administrative interpretations of the Act contemplate a final animal-ownership determination by federal authorities. Very importantly, the regulations as ultimately adopted unequivocally give the Act that construction. An administrative interpretation of a statute by an agency entrusted with its administration commands great deference in the courts. *Id.* 179 U.S.App.D.C. at 256, 551 F.2d at 442.

The Wild Free-Roaming Horses and Burros Act does not confer jurisdiction on this court to conduct a trial de novo on the merits. Accordingly,

IT IS ORDERED that this complaint and civil action are dismissed for lack of subject matter jurisdiction.