James H. **ELSBERRY**, Plaintiff,

v.

Ralph **HAYNES**, Norman L. Coffelt, Leonard Geb, Harold Atteberry, and Fireman's Fund Insurance Company, a Corporation, Defendants.

Civ. No. 66–221.

United States District Court
W. D. Oklahoma.

Aug. 2, 1966.

See also D.C., 256 F.Supp. 735, D.C., 256 F.Supp. 736.

———◆———

Robert P. Kelly, Pawhuska, Okl., for plaintiff.

Neal A. Sullivan, Newkirk, Okl., for defendant Haynes.

Northcutt, Northcutt and Jackman, Ponca City, Okl., for Atteberry.

Raymond A. Trapp, Ponca City, Okl., for Geb.

Duffy, Johnson and Berry, Ponca City, Okl., for Coffelt and Fireman's Fund Ins. Co.

## ORDER

**DAUGHERTY, District Judge.**

Upon consideration of the Motions to Dismiss filed herein by the defendants Norman L. Coffelt and Fireman's Fund Insurance Company, the Court finds that the same should be denied for the reason that Count No. I of the Amended Complaint of the plaintiff states a claim against each of said defendants upon which relief could be granted.

In brief, damages are sought by the plaintiff against the defendant Norman L. Coffelt as County Sheriff of Kay County, Oklahoma, under the Civil Rights Act, 42 United States Code § 1983, on allegations that the said defendant as a State officer acting under color of State law and as such having custody of the person of the plaintiff as a prisoner, failed to provide for the plaintiff urgently needed medical care and attention which resulted in physical injury and damage to him. It is further alleged that the defendant Fireman's Fund Insurance Company provided the official bond for the defendant Norman L. Coffelt as Sheriff of Kay County, Oklahoma, and for such reason this Insurance Company is a proper party defendant and its bond is subject to liability to its limits for any damages found to be recoverable herein against the said Norman L. Coffelt.

The weight of authority appears to hold that a failure to provide needed medical care by one having custody of a prisoner may under certain circumstances afford the prisoner a cause of action under the Civil Rights Act and allegations to such effect are sufficient to state a cause of action and preclude summary disposition on a motion to dismiss the complaint. Coleman v. Johnston, 7 Cir., 247 F.2d 273; United States v. Ragen, 7 Cir., 337 F.2d 425; Haigh v. Snidow, D.C., 231 F.Supp. 324.

Accordingly, the Motions to Dismiss of the defendants Norman L. Coffelt and Fireman's Fund Insurance Company are denied.