Carl C. COPPINGER, Appellant,

v.

Gene TOWNSEND, M.D., and Wayne K. Patterson, Appellees.

No. 9840.

United States Court of Appeals Tenth Circuit.

July 24, 1968.

H. Robert Walsh, Jr., of Hughes & Dorsey, Denver, Colo., for appellant.

John P. Moore, Asst. Atty. Gen., (Duke W. Dunbar, Atty. Gen., and Frank E. Hickey, Deputy Atty. Gen., were with him on the brief), for appellees.

Before WILBUR K. MILLER,* LEWIS, and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant-plaintiff Coppinger brought this action under 42 U.S.C. § 1983 claiming that appellee-defendant Patterson, the warden of the Colorado state penitentiary, and appellee-defendant Townsend, a doctor on the penitentiary staff, had deprived him of federally protected constitutional rights by not furnishing him with adequate medical care. On motion of the defendants, the district court dismissed the case on the ground that the complaint fails to state a claim on which relief can be granted. The plaintiff appeals.

The complaint alleges that plaintiff has neural dermatitis; that Dr. Townsend refused treatment; that plaintiff complained to the warden and told the deputy warden of the treatment which he had previously received from the Colorado State Hospital; that a few days thereafter he was furnished the required medication; that about two months thereafter Dr. Townsend reduced the amount of medication; that about

* Of the District of Columbia Circuit, sitting by designation.

two weeks later Dr. Townsend withdrew the medication; that when he did so he was aware of the plaintiff's medical history; that plaintiff is in pain and his physical condition has deteriorated; that the denial of the medication is arbitrary and capricious; and that the refusal to send plaintiff to the State Hospital causes him irreparable injury.

■ The issue is whether the complaint states a claim under § 1983 of the Civil Rights Act which imposes civil liability on a person who, under color of state authority, subjects another "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Plaintiff says that he has been subjected to cruel and unusual punishment contrary to the Eighth Amendment and denied due process of law in violation of the Fourteenth Amendment.

There is no need to explore the scope of immunity applicable to state officials in suits brought under the Civil Rights Act,[1] because the asserted claim does not lie against either the warden or the doctor. The claim against the warden is based on the allegations that with knowledge of the doctor's denial of medical attention and of the plaintiff's condition, he refused to send the plaintiff to the State Hospital. There is no averment that the warden ordered medical care withheld. Indeed, the complaint alleges that his deputy said that he would "contact" the State Hospital in regard to medication for the plaintiff. The complaint further shows that thereafter the "required medication" was furnished. The State Hospital is an institution for the insane.[2] Transfers to it from the penitentiary are within the authority of the Director of the Depart-

ment of Institutions.[3] The warden has no authority to make such a transfer. We have recently held that the procedures for transfer among the Colorado correctional institutions are valid, are discretionary with the officials concerned, and give rise to no duty the breach of which is cognizable in a § 1983 action.[4]

■ The claim against the doctor presents the question of whether allegedly inadequate medical care is the deprivation of a right secured by the federal Constitution and, hence, within the purview of § 1983. The pertinent allegations, which we must accept, are that the plaintiff on May 15, 1967, saw the doctor and his request for medication was refused. On May 19 he complained to the deputy warden. On May 22 he received the medication which he desired and continued its use until about July 19 when the amount was reduced. On August 4, the doctor "cancelled" the medication. The original complaint was filed August 29, 1967.

■ The internal affairs of prisons, including the discipline, treatment, and care of prisoners are ordinarily the responsibility of the prison administrators and not subject to judicial review.[5] The reconciliation of this principle with the rights conferred by the Civil Rights Act has troubled the federal courts. Claims have been asserted under the constitutional provisions relating to equal protection, due process and the prohibition against cruel and unusual punishment. In the case at bar we have no equal protection problem and are concerned with the Fourteenth Amendment and Eighth Amendment provisions concerning deprivation of life and liberty without due process and infliction of cruel and unusual punishment.

1. Cf. Franklin v. Meredith, 10 Cir., 386 F.2d 958, 961.

2. Colo.Rev.Stat.Ann. 71–3–1 (1963).

3. Colo.Rev.Stat.Ann. 71–2–4 (1967 Perm. Cum.Supp.). A 1967 amendment put the power in the Director. Before that amendment the power was in the governor.

4. See Franklin v. Meredith, 10 Cir., 386 F.2d 958, 961.

5. See Graham v. Willingham, 10 Cir., 384 F.2d 367, 368; Pigg v. Patterson, 10 Cir., 370 F.2d 101, 102; Cannon v. Willingham, 10 Cir., 358 F.2d 719.

In the Third Circuit improper medical care is not a denial of a federal right.[6] The Fourth Circuit holds that a complaint alleging denial of medical care states a cause of action.[7] The Fifth Circuit has held that a claim was stated under § 1983 where the allegations were that a sheriff refused medical aid for the plaintiff's broken neck and prevented him from summoning his own doctor.[8] The Seventh Circuit has twice held that in "exceptional circumstances" a prisoner may sue under § 1983 for denial of medical care.[9] The Seventh Circuit has also decided that a complaint which discloses that the prisoner has received some medical care and alleges only inadequacy of that care did not justify federal intervention.[10] In the Ninth Circuit denial of medical care is not actionable under § 1983 in the absence of "exceptional circumstances." [11] District court decisions show a comparable divergence of opinion.[12]

■■ A claim of total denial of medical care differs from a claim of inadequacy of medical care. We need not decide whether denial of medical care to prisoners in reasonable need thereof is sufficient to sustain a claim under § 1983 because in the instant case the allegations of the complaint show that medical care has been furnished. The allegation that the needed medication has been "cancelled" shows that a difference of opinion exists between the lay wishes of the patient and the professional diagnosis of the doctor. The prisoner's right is to medical care—not to the type or scope of medical care which he personally desires. A difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983.[13] Consideration of the complaint in the light most favorable to the prisoner discloses no facts which entitle him to relief.

Affirmed.

6. Pennsylvania ex rel. Gatewood v. Hendrick, 3 Cir., 368 F.2d 179, cert. denied 386 U.S. 925, 87 S.Ct. 899, 17 L.Ed.2d 797.

7. See Edwards v. Duncan, 4 Cir., 355 F.2d 993, and Hirons v. Director, Patuxent Institution, 4 Cir., 351 F.2d 613.

8. Hughes v. Nobel, 5 Cir., 295 F.2d 495.

9. United States ex rel. Knight v. Ragen, 7 Cir., 337 F.2d 425, cert. denied 380 U.S. 985, 85 S.Ct. 1355, 14 L.Ed.2d 277; and Coleman v. Johnston, 7 Cir., 247 F.2d 273.

10. United States ex rel. Lawrence v. Ragen, 7 Cir., 323 F.2d 410.

11. Stiltner v. Rhay, 9 Cir., 371 F.2d 420, cert. denied 386 U.S. 997; and Snow v. Gladden, 9 Cir., 338 F.2d 999.

12. Cases sustaining actions for denial of medical care to prisoners: Elsberry v. Haynes, W.D.Okl., 256 F.Supp. 738; Talley v. Stephens, E.D.Ark., 247 F.Supp. 683; and Redding v. Pate, N.D.Ill., 220 F.Supp. 124.

Cases sustaining dismissal of complaints alleging deprival of medical care to a prisoner: Cullum v. California Department of Corrections, N.D.Calif., 267 F. Supp. 524; Threatt v. State of North Carolina, W.D.N.C., 221 F.Supp. 858; and Blythe v. Ellis, S.D.Tex., 194 F.Supp. 139.

13. See United States ex rel. Lawrence v. Ragen, 7 Cir., 323 F.2d 410, 412; and Stiltner v. Rhay, 9 Cir., 371 F.2d 420, 421 n. 3, where the court said that "plaintiff's allegations show only that he has not been receiving the kind and quality of medical treatment he believes is indicated."