**Federico Ceballos DOMINGUEZ, Petitioner,**

v.

**Robert I. MOSELEY, Warden, Respondent.**

**No. L-1221.**

United States District Court, D. Kansas.

June 15, 1970.

---

## MEMORANDUM AND ORDER

ARTHUR J. STANLEY, Jr., Chief Judge.

1. Dominguez has lodged with the clerk of this court his application for a writ of habeas corpus, together with an affidavit in support of his motion for leave to proceed in forma pauperis under the provisions of 28 U.S.C.A. § 1915. Upon examination of the documents so lodged, the court makes the following findings and order:

2. It appears from the application that Dominguez is presently in the custody of the respondent, Robert I. Moseley, Warden of the United States Penitentiary at Leavenworth, Kansas by or under color of authority of the United States by virtue of a sentence of five years imposed upon him on April 18, 1970 by the United States District Court for the Western District of Texas, upon his entry of a plea of guilty to a charge of a violation of the Dyer Act, 18 U.S.C.A. § 2312. Dominguez did not appeal from the judgment or sentence, and he makes no attack upon them in this proceeding.

3. The gist of Dominguez's complaint is that he is not receiving the medical care, treatment, medication and food which he desires. He states that he is suffering from chronic heart disease, chronic prostatism, arthritic spine, and an injured right shoulder. He contends that he is not being given the proper food or medication, and that he is not being given "quality medical care".

4. The supervision and control of prisons is vested in the Attorney General of the United States by virtue of 18 U.S.C. § 4082. The courts will not intervene or interfere with the actions of the Attorney General or prison officials, in the absence of a showing of an abuse of discretion. The Tenth Circuit, in Bethea and Townsend v. Crouse, 417 F.2d 504 (1969) said:

> we have consistently adhered to the so-called "hands-off" policy in matters of prison administration according to which we have said that the basic responsibility for the control and management of penal institutions, including the discipline, treatment, and care of those confined, lies with the responsible administrative agency and is not subject to judicial review unless exercised in such a manner as to constitute clear abuse or caprice on the part of prison officials.

5. Dominguez does not claim, and the record does not indicate, that there has been a total denial of medical care. On the contrary, he has been furnished regular medical care during the time that he has been in federal custody. He was placed upon light duty and given extensive medication while he was in the United States Penitentiary at Lewisburg, Pennsylvania; he now complains that the medication was changed upon his return to the United States Penitentiary at Leavenworth, Kansas, and he contends that the present medication is not sufficient and that the diet provided for him is not proper. He is presently on light duty at Leavenworth Penitentiary. The allegation that he needs quality medical treatment" indicates that a difference of opinion exists be-

tween the wishes of the patient and the professional diagnosis of the physicians at Leavenworth Penitentiary. Under similar factual allegations, the Tenth Circuit, in Coppinger v. Townsend, 398 F.2d 392, 394 (10th Cir. 1968) said:

> The prisoner's right is to medical care —not to the type or scope of medical care which he personally desires. A difference of opinion between the physician and the patient does not give rise to a constitutional right or sustain a claim under (The Civil Rights Act) * * *. Consideration of the complaint in a light most favorable to the prisoner discloses no facts which entitle him to relief.

■ 6. It is apparent that Dominguez is being given medical attention; and he is not presently being required to perform work of which he is not physically capable. The fact that he is not being given the medication which he desires, and he is not being given the diet which he desires, is not a matter over which this court has jurisdiction or authority. As the Tenth Circuit stated in the Bethea case, supra, the care of persons confined in penal institutions lies with the responsible administrative officials. In the absence of a showing of an abuse of discretion, the actions of such officials are not subject to judicial review. This court concludes that no showing of abuse of discretion is made; that the matters of care of inmates of the United States Penitentiary at Leavenworth, Kansas are particularly within the jurisdiction and control of the penal officials; and that upon the factual background related by Dominguez in his application, this court should not interfere with or review the actions of penal officials. For the reasons stated, the application must be dismissed.

7. It is ordered that leave to proceed in forma pauperis be granted; that the application be filed; and that the action so commenced be dismissed. The clerk is directed to transmit a copy of this Memorandum and Order to petitioner and to the United States Attorney for the District of Kansas.