Jose **PANIAGUA**, Appellant,

v.

**Robert I. MOSELEY**, Warden, U. S. Penitentiary, Leavenworth, Kansas, Appellee.

No. 687–70.

United States Court of Appeals, Tenth Circuit.

Nov. 18, 1971.

Richard E. Wood, Denver, Colo., for appellant.

Richard L. Meyer, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., on the brief), for appellee.

Before BREITENSTEIN and McWILLIAMS, Circuit Judges, and KERR, District Judge.

McWILLIAMS, Circuit Judge.

Jose Paniagua, an inmate in the United States Penitentiary in Leavenworth, Kansas, filed a motion for mandamus pursuant to 28 U.S.C. §§ 1361 and 1651 in the United States District Court for the District of Columbia, naming as respondents the Surgeon General of the United States and C. Jarvis, M. D., the Chief Medical Officer of the United States Penitentiary, Leavenworth, Kansas. On motion by the respondents the matter was transferred to the United States District Court for the District of Kansas. Thereafter, the United States District Court for the District of Kansas on motion of the respondents granted a motion for substitution and ordered that Moseley, then the Warden of the United States Penitentiary, Leaven-

worth, be substituted for the Surgeon General and Dr. Jarvis as the respondent.

The gist of Paniagua's mandamus motion is that he is in need of surgery and he seeks an order of court that surgery be performed. The answer filed in response to the mandamus motion put in issue Paniagua's alleged need for surgery, and exhibit "D" attached to the answer was a medical report by Dr. Jarvis wherein Dr. Jarvis concluded that Paniagua sought to override the best medical opinions of Dr. Jarvis and his staff.

Without a hearing on the merits of the matter, the trial court summarily dismissed Paniagua's mandamus motion. Paniagua now seeks reversal of the judgment thus entered and asks that the matter be remanded with direction that he be permitted to reply to the answer and that an evidentiary hearing then be held on the factual issues raised by the pleadings. In this court the United States Attorney agrees that in the present posture of the matter the answer and attachments should be disregarded and that the only issue is whether the mandamus motion, assuming all of its material allegations to be true, states a claim. We agree with this statement of the issue here to be resolved, and conclude that the mandamus motion does not state a claim.

Although the motion was filed pro se, specific mention is made that the motion is for mandamus and that it was brought pursuant to 28 U.S.C. § 1361. That statute provides that the district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to the plaintiff.

From the mandamus motion we are advised that Paniagua, who was committed to the United States Penitentiary, Leavenworth, Kansas, from the United States District Court for the Western District of Texas in 1968, suffered an injury in 1963 resulting in a "distortion" of one-half of his face and neck with bone damage in various facial areas; that in 1965 Paniagua underwent surgery in Juarez, Mexico, which afforded a degree of relief; that the respondents have prescribed certain medication, including twenty-four aspirin tablets a day, but that they have refused to perform surgery recommended by a "free world" physician who had previously examined Paniagua. Quite clearly, then, the thrust of the mandamus motion is that Paniagua wants surgery and he asks that the respondents be ordered to perform surgery.

Mandamus is an extraordinary remedial process and before relief of this nature can be afforded it must appear that the claim is clear and certain and the duty of the officer involved must be ministerial, well defined, and peremptory to the end that the duty must be a positive command and so plainly prescribed as to be free from doubt. Prairie Band of Pottawatomie Tribe of Indians v. Udall, 355 F.2d 364 (10th Cir. 1966), cert. denied, 385 U.S. 831, 87 S. Ct. 70, 17 L.Ed.2d 67 (1966). Viewed in the light of the foregoing principle, we deem the present mandamus motion to be legally insufficient, and being insufficient fails to state a claim.

Our attention has not been directed to any case which has afforded relief of the particular type here sought, namely, an order of court that a warden of a penal institution, presumably acting through the prison medical staff, perform surgery on a prison inmate. To us it is not surprising that there is an apparent lack of precedent for court ordered surgery.

We do not consider the authorities cited by Paniagua to be applicable to the present controversy. Riley v. Rhay, 407 F.2d 496 (9th Cir. 1969), is a case where a state prisoner suffering from a form of tuberculosis was refused medical treatment therefor. Here, from the mandamus motion we learn that Paniagua was receiving some medication, but that he was dissatisfied with that course of treatment, and desired a more drastic form of cure. And in Edwards v. Dun-

can, 355 F.2d 993 (4th Cir. 1966), it was held that a complaint wherein it was alleged that a prison inmate suffering from a heart condition who was under a course of treatment by a medical officer at the prison and was thereafter deprived of this medical care and attention by wilful actions of other prison officials did state a claim for injunctive relief. The present mandamus motion bears little similarity to the complaint under consideration in *Edwards*, where the claim for injunctive relief was apparently directed at the prison administrators who had allegedly wilfully deprived Edwards of the medical care and treatment then being rendered him by the prison doctors.

Rather, we feel this present controversy is controlled by the general rule that the basic responsibility for the control and management of penal institutions, including the discipline, treatment and care of those confined, lies with the responsible administrative agency and is not subject to judicial review unless exercised in such a manner as to constitute clear abuse or caprice upon the part of prison officials. Bethea v. Crouse, 417 F.2d 504 (10th Cir. 1969). We regard Coppinger v. Townsend, 398 F.2d 392 (10th Cir. 1968), a civil rights case and not a mandamus proceeding, as shedding considerable light on the present controversy. In that case a distinction was drawn between a claim by a prisoner of a total denial of medical care, as opposed to a claim of inadequate medical care or the claim that a difference of opinion existed between the wishes of the lay patient and the professional diagnosis of the doctor, and in *Coppinger* we held that a difference of opinion between the prison doctor and the prisoner does not give rise to a constitutional right or sustain a claim under 42 U.S.C. § 1983.

The mandamus motion in the instant case does not allege a total denial of medical care. To the contrary, as indicated, there is an allegation concerning the medication then being given Paniagua and with which he is dissatisfied. Any "inadequacy" in the treatment then being afforded Paniagua is tied into that which we regard as the gravamen of Paniagua's complaint, namely, that he desires surgery and he asks that the prison doctor be compelled by an order of court to perform such surgery. This then is but a situation where there is a difference of opinion between a lay patient and the prison doctor as to the proper course of treatment, which, according to *Coppinger*, does not give rise to a constitutional right or sustain a civil rights claim. By the same token, it does not form the basis for invoking the extraordinary remedial process of mandamus.

Judgment affirmed.