Jimmy Lee **CHRISTIAN**, Plaintiff,

v.

Park J. **ANDERSON**, Warden, Oklahoma State Penitentiary, State of Oklahoma, Defendants.

Civ. No. 72–241.

United States District Court,
E. D. Oklahoma,
Civil Division.

Feb. 14, 1974.

Jimmy Lee Christian, pro se.

Paul Crowe, K. Karen Kennedy, Asst. Attys. Gen., Oklahoma City, Okl., for defendants.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

Plaintiff, an inmate in the Oklahoma State Penitentiary, has brought this action under the Civil Rights Act, 42 U.S. C. § 1983 against the State of Oklahoma and Park J. Anderson, at that time Warden, Oklahoma State Penitentiary, complaining that under color of State law said Defendants deprived Plaintiff of certain of his civil rights in connection with his confinement as a prisoner in said institution.

The Plaintiff complains that he was subjected to cruel and unusual punishment by being tear gassed and that he was thereafter furnished inadequate medical attention.

The relief Plaintiff seeks is an order directing his release from State custody, an order directing his removal from the custody of the State of Oklahoma to the Federal Government, he requests that the Court convene a Federal Grand Jury and further requests that the Court send a Federal officer to the Oklahoma State Penitentiary. He also seeks $100,000.00 in money damages as a result of the use of tear gas against him and his alleged improper medical attention.

■ The Defendants have answered the Complaint denying the allegations thereof. Previously Judge. Langley of this Court dismissed Plaintiff's action for money damages inasmuch as the same was lodged only against the Defendant, the State of Oklahoma. The Court affirms this action of Judge Langley and in addition now dismisses the State of Oklahoma as a Defendant in this case for the reason that it is not a "person" suable under the Civil Rights Act. Williams v. Eaton, 443 F.2d 422 (Tenth Cir. 1971); City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L. Ed.2d 109 (1973).

The Court has conducted an evidentiary hearing on Plaintiff's complaints. The State of Oklahoma has voluntarily produced the Plaintiff in open Court so that he may testify regarding his complaints.

On the evidence presented to the Court the following findings of fact and conclusions of law and decisions are made herein.

■ (1) The Court finds that the evidence completely fails to disclose that the remaining Defendant in the case, namely, Park J. Anderson, was the person who used tear gas on the Plaintiff. It appears to have been an unnamed and unidentified guard. Moreover, the evidence further establishes and the Court so finds that Plaintiff and another person in violation of prison rules and regulations had become intoxicated whereupon they were placed in a cell. The other inmate became ill whereupon the Plaintiff called for medical assistance. The guards opened the cell and removed the other inmate and also the Plaintiff. The other inmate was taken away on a

stretcher whereupon the Plaintiff was ordered to return to the cell. The Plaintiff then refused to obey the lawful order to return to his cell. Tear gas was then used in order to effect his return to his cell. The Court finds that under the circumstances of this case this was a proper use of tear gas as the Plaintiff was knowingly and wilfully in violation of prison rules against intoxication and also knowingly and wilfully refusing to comply with the lawful order of an official of the State Penitentiary to return to his cell. It is the Court's opinion under the circumstances as shown by the evidence that it was better to incapacitate the Plaintiff by the use of tear gas than to bring him under control by laying hands on him and bringing about possible physical damages to Plaintiff and prison personnel.[1] Moreover, as above stated there was no evidence that the Defendant used tear gas on the Plaintiff, ordered the same or participated in any way in the incident. It is the general rule that an official will not be liable in a Civil Rights action unless he directly and personally participates in conduct under color of state law which deprives the plaintiff of rights, privileges, and immunities secured him by the Federal Constitution. Richardson v. Snow, 340 F.Supp. 1261 (D.Md.1972). It is an essential element of a Civil Rights claim that the particular defendant be personally involved in the alleged denial of the Constitutional right. Battle v. Lawson, 352 F.Supp. 156 (WD Okla.1972). Townes v. Swenson, 349 F.Supp. 1246 (W.D.Mo.1972); Cambell v. Anderson, 335 F.Supp. 483 (D.Del.1971).

(2) With reference to Plaintiff's complaint of inadequate medical attention, the Court finds Plaintiff's drinking episode and the tear gas episode that followed occurred on Saturday evening, October 28, 1972; following this incident certain nearby inmates flooded the cellhouse; the next day was required to eliminate this condition; the guard in the cellblock the next day testified that the Plaintiff did not request medical attention on Sunday but did on Monday, the following day whereupon the Plaintiff was furnished medical attention by being sent to the prison hospital. A prison physician testified that the prison records with reference to this hospitalization were destroyed when the inmates rioted in July of 1973 and burned down the hospital and such records. This doctor, however, recently examined the Plaintiff and found a drooping eyelid and some haziness in the cornea of the left eye. This doctor is of the opinion that in approximately one year's time this Plaintiff will need some type of eye surgery. The Plaintiff testified to a childhood injury to this eye and also a further injury to the same eye in a car accident. This medical witness from the history given and his examination was unable to give an opinion as to the cause of Plaintiff's eye condition and stated that it could as well have happened from the childhood incident or the car accident as from tear gas. This witness further testified that tear gas is a mere irritant to the eye and will cause no permanent damage to the eye but only some temporary discomfort. The Plaintiff's claims that he was severely burned about the face when the tear gas was fired approximately two inches from his left eye is not believed by the Court inasmuch as the medical witness found no evidence of burns about the Plaintiff's head and stated that had this occurred as claimed by Plaintiff there would have been evidence of burns as late as his recent examination. In these circumstances the Court finds that the Plaintiff was afforded adequate medical attention and his request for the same

---

1. Beishir v. Swenson, 331 F.Supp. 1227 (W. D.Mo.1971) provides:

"Neither can it be said to be unreasonable to resort to the judicious use of mace to regain control and establish order after lesser means have failed."

was properly handled upon being notified of the need of medical attention. Moreover, there was no evidence that the Defendant sued herein in any way denied Plaintiff proper medical attention. Paniagua v. Moseley, 451 F.2d 228 (Tenth Cir. 1971) provides:

"We regard Coppinger v. Townsend, 398 F.2d 392 (10th Cir. 1968), . . . ., as shedding considerable light on the present controversy. In that case a distinction was drawn between a claim by a prisoner of a total denial of medical care, as opposed to a claim of inadequate medical care or the claim that a difference of opinion existed between the wishes of the lay patient and the professional diagnosis of the doctor, and in *Coppinger* we held that a difference of opinion between the prison doctor and the prisoner does not give rise to a constitutional right or sustain a claim under 42 U.S.C. § 1983."

(3) Plaintiff's requests that he should be released from State custody because of this incident, be removed from State custody to Federal custody, that a Federal Grand Jury be ordered convened and that this Court send a Federal Officer to the Oklahoma State Penitentiary are all patently without merit and should be denied by the Court as being beyond the authority of this Court in this private Civil Rights action against the former Warden of the prison and, moreover, not justified by the evidence before the Court.[2] There is no evidence before the Court of a violation of a Federal criminal statute, the consideration of which is the function of a Federal Grand Jury. Moreover, any such violation can be presented to any regularly convened Grand Jury of this Court at anytime by any means available by anyone who wishes to bring a Federal criminal law violation to its attention.

Based on the foregoing, the Court finds and concludes the Plaintiff's civil rights have not been violated by the Defendant Park J. Anderson as claimed by Plaintiff and accordingly Plaintiff's action should be dismissed against him and also the State of Oklahoma and Judgment should be entered accordingly.

---

2. A prisoner has no federally protected rights as to the institution in which he is confined. Hillen v. Director of Department of Social Service & Housing, 455 F.2d 510 (Ninth Cir. 1972) ; Lawrence v. Willingham, 373 F. 2d 731 (Tenth Cir. 1967).