**Donald HENDERSON,
Plaintiff-Appellant,**

v.

**The SECRETARY OF CORRECTIONS
et al., Defendants-Appellees.**

**No. 75–1160.**

United States Court of Appeals,
Tenth Circuit.

June 26, 1975.

Rehearing Denied Aug. 25, 1975.

Before PICKETT, Senior Circuit Judge, and SETH and McWILLIAMS, Circuit Judges.

PER CURIAM.

Donald Henderson, a state prisoner, filed what was denominated a "medical civil action," pursuant to 42 U.S.C. § 1983, charging that the failure of Kansas State Penitentiary officials to provide him with prescribed corrective shoes constituted cruel and unusual punishment. Appellant's pro se complaint seeking, inter alia, damages and release, was treated by the district court as a petition for a writ of habeas corpus. On the ground that he had failed to exhaust administrative and judicial remedies, as

required by 28 U.S.C. § 2254(b), the action was dismissed. The question presented by this procedure is whether requesting relief of immediate or speedy release, which is clearly outside the purview of a § 1983 proceeding, vitiates the remainder of the complaint which challenges medical care on Eighth and Fourteenth Amendment grounds and also requests damages and injunctive relief.

■ We affirm the district court's denial of relief in the form of release. When a state prisoner challenges the length of his custody and by way of relief seeks immediate or speedy release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439. However, that holding is limited to situations where, contra to appellant's claim in the case at bar, a prisoner seeks no damages. Id., at 494, 93 S.Ct. 1827. This court, in Gregory v. Wyse, 512 F.2d 378, U.S. Court of Appeals, Tenth Circuit (1975), in considering a § 1983 action which requested damages, injunctive relief and restoration of good time credits which affected the length of confinement, noted the *Preiser* decision, but in considering its application we stated, "[B]ut this jurisdictional limitation in no way affects the availability of § 1983 to grant money damages and appropriate equitable relief for the deprivation of in-prison procedural due process." Id., at 381. Determining that immediate or speedy release is not within the scope of a civil rights action does not preclude or eliminate jurisdiction to consider constitutional issues raised by allegations of inadequate medical care. See Wolff v. McDonnell, 418 U.S. 539, 554, 555, 94 S.Ct. 2963, 41 L.Ed.2d 935. As in *Gregory,* supra, we shall, therefore, proceed to consider the substantiality of appellant's allegations and whether their dismissal transgressed the test requiring that it appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 through 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80; accord, Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652; Black v. Warden, 467 F.2d 202, 204 (10th Cir. 1972).

■ Appellant Henderson alleges that he received medical care including x-rays of his foot, diagnosis of a bilateral hammertoe condition, and prescription of corrective shoes and only limited standing on his job at the tag factory, but that the corrective shoes have never been provided. The issue of whether inadequate medical care deprived prisoners of a right secured by the Federal Constitution has been persuasively considered in Paniagua v. Moseley, 451 F.2d 228 (10th Cir. 1971) and Coppinger v. Townsend, 398 F.2d 392 (10th Cir. 1968). "The prisoner's right is to medical care—not to the type or scope of medical care which he personally desires." Coppinger, supra, p. 394. We cannot say that the inadequacy of appellant's normal shoes or the omission to provide the corrective shoes gives rise to a constitutional deprivation sustaining a § 1983 claim nor that appellant could elaborate this set of facts to support a claim which would entitle him to relief. See Dewell v. Lawson, 489 F.2d 877 (10th Cir. 1974); Page v. Sharpe, 487 F.2d 567 (1st Cir. 1973); and Kochie v. Norton, 343 F.Supp. 956 (D.C.Conn., 1972). Therefore, although portions of appellant's complaint are cognizable as a § 1983 action, dismissal of the action is affirmed on the additional basis that the alleged inadequate medical treatment fails to state a claim on which relief can be granted.

Upon docketing in this court, the parties were notified that we were considering summary affirmance and of their right to file memoranda addressing the issues. Appellant has filed a response opposing summary affirmance. Nevertheless, after a careful and thorough consideration of the record and files in this case, we are of the opinion that the judgment of the district court was correct.

Affirmed.

The mandate shall issue forthwith.