**Terry Lee DOUGLAS #34621,**
**Plaintiff,**

v.

**EL RENO, REFORMATORY, et al.,**
**Defendants.**

**No. 75–0724–D.**

United States District Court,
W. D. Oklahoma,
Civil Division.

Aug. 26, 1975.

Terry Lee Douglas, pro se.

John E. Green, Acting U. S. Atty., Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

This is a purported Civil Rights proceeding which the plaintiff seeks to file in forma pauperis. From the court's examination of the complaint and the papers attached thereto it appears that the petitioner has a sore toe. He was given one operation at the institution which did not completely resolve the problem. He has been offered further corrective surgery but has refused to accept it apparently on the grounds that he does not believe that the reformatory's doctor is qualified to perform the operation. It further appears that he has sought administrative relief by requesting a transfer to another institution so that he could be treated by another doctor. His complaints have been fully considered by the appropriate officials within the Bureau of Prisons and the final response of the Acting General Counsel states:

> "We have reviewed your Administrative Remedy complaint and appeals and have sought the advice of the Deputy Medical Director, Bureau of Prisons. While it is regrettable that the initial surgery on your foot (8/7/73) did not completely resolve the medical problem with your foot, that fact alone does not show that the El Reno medical staff, facilities and consultants are inadequate. Medical staff believe that your foot problem can be improved by additional surgery, and such a course is recommended, and will be carried out when you are willing to have the surgery performed. Your appeal is denied since we can find no factual basis to support your allegations that the El Reno hospital is not clean and that a proper foot doctor is not available to El Reno."

Under these circumstances the petitioner is not entitled to relief. The petitioner's complaint is governed by the general rule that the basic responsibility for the control and management of penal institutions, including the discipline, treatment and care of those confined, lies with the Attorney General and is not subject to judicial review unless exercised in such a manner as to constitute clear abuse and caprice on the part of prison officials. *Bethea v. Crouse,* 417 F.2d 504 (CA10 1969); *Graham v. Willingham,* 384 F.2d 367 (CA10 1967). In *Coppinger v. Townsend,* 398 F.2d 392 (CA10 1968) the Court of Appeals drew a distinction between a claim by a prisoner of a total denial of medical care as opposed to a claim of inadequate medical care or the claim that the difference of opinion existed between the wishes of the lay patient and the professional diagnosis of the doctor, and held that the petitioner's claim therein against the warden and physician that he had not been furnished with adequate medical care did not establish a denial of a constitutional right. Pertinent to petitioner's present claims are the remarks of the court in *Paniagua v. Mosley,* 451 F.2d 228, 230 (CA10 1971):

> "This then is but a situation where there is a difference of opinion between a lay patient and the prison doctor as to the proper course of treatment, which according to Coppinger, does not give rise to a constitutional right or sustain a civil rights claim."

The complaints of the petitioner simply do not amount to a substantial allegation of the violation of any constitutional right.

Since the application to proceed in forma pauperis is sufficient to meet the requirements of 28 U.S.C.A. § 1915(a) leave to proceed in forma pauperis is granted and the clerk is directed to file the case. The complaint will then be dismissed for the reason that the plaintiff has failed to make any substantial allegations of the violation of any constitutional rights.

It is so ordered.