Henry Lee COLEMAN, Plaintiff,

v.

Richard A. CRISP, Warden, Ned Benton, Director, and John Grider, Assistant Director, Defendants.

No. CIV–77–0631–D.

United States District Court, W. D. Oklahoma.

Sept. 26, 1977.

Henry Lee Coleman, pro se.

Larry Derryberry, Atty. Gen. by Harold B. McMillan, Jr., Asst. Atty. Gen., Oklahoma City, Okl., for defendants.

### ORDER

DAUGHERTY, Chief Judge.

This is a civil rights action by a State prisoner for damages and injunctive relief on the grounds that his rights to access to the courts and to adequate medical care have been violated. Defendants have moved to dismiss for the reasons that the Complaint fails to state a claim for relief and that this court does not have venue of the action.

■ Examination of plaintiff's factual allegations reveal there is really no issue of access to the courts but only of the right of plaintiff to correspond with a federal judge. He alleges that letters addressed to Judge Bohanon of this court were returned to him with the explanation that he had already mailed his quota of postage free letters. It is apparently his contention that defendants have a duty to provide him free postage for unlimited numbers of letters to any federal judge. The Due Process Clause of the Fourteenth Amendment to the Constitution assures to state inmates a right of access to the courts. *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974); *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In *Wolff,* supra at 579, 94 S.Ct. 1800 the court explained that the right guaranteed that every person must have the opportunity to present to the court his allegations concerning violations of fundamental constitutional rights. The protected avenue is to the courts and not to any particular judge. The right embraces the filing of necessary legal documents to secure a judicial determination. It does not comprehend a right to correspond with judges. Judges are not legal advisors to litigants or potential litigants. It is improper for a prisoner to communicate directly with judges about cases pending before them. If an inmate wishes to provide information relative to his case he must mail the document to the clerk of the court who will then forward it to the appropriate judge.

■ In *Bounds v. Smith,* supra the court recognized "that indigent inmates must be provided at State expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them." (430 U.S. p. 824, 97 S.Ct. p. 1496.) The delayed mail of which plaintiff complains were not legal documents for the court but mere correspondence to a judge. He does not allege that the defendants have ever refused to mail postage free any pleading to be filed with the clerk of the court. Moreover, although a prisoner has the right of access to the courts and the necessarily included right to use the mails in connection therewith he does not have a right to unlimited free postage. *Bach v. Coughlin,* 508 F.2d

303 (CA7 1974). Parenthetically the court notes that from the files of this court it is abundantly clear that as a practical matter the plaintiff has not been denied any access to this court. This is the sixth law suit which he has filed in the last year. In addition he has directed numerous letters mostly unintelligible, to the various judges and the court clerk.

■ The allegations in support of the claim of denial of medical care are quite sketchy but it appears the plaintiff has an eye condition which the doctors have told him they are unable to treat. He complains that they are not furnishing him any treatment or medication. His allegations are insufficient to entitle him to relief. They do not evidence a deliberate indifference to plaintiff's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). They evidence rather a difference of opinion between plaintiff and the doctors concerning diagnosis and the availability of treatment and medication. It is well established that this does not establish the violation of a constitutional right or sustain a claim under 42 U.S.C. § 1983. *McCracken v. Jones,* 562 F.2d 22 (CA10 1977); *Smart v. Villar,* 547 F.2d 112 (CA10 1976); *Paniagua v. Moseley,* 451 F.2d 228 (CA10 1971); *Coppinger v. Townsend,* 398 F.2d 392 (CA10 1968). This factual situation is confirmed by the files and records of this court in CIV–76–0653, dismissed September 29, 1976. There the plaintiff was more candid with the court and admitted in his pleadings that the State had already provided him eye surgery on two occasions and the records of the State reflected the plaintiff had regularly and consistently availed himself of institution medical services.

■ In summary, it appears to the court beyond doubt that the plaintiff could prove no set of facts in support of his claims which would entitle him to relief. See *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Moreover, it further appears that the objection to venue is valid. The statute providing for jurisdiction of cases under the Civil Rights Act, 28 U.S.C. § 1343 upon which the plaintiff relies has no special venue provision and therefore 28 U.S.C. § 1391(b) applies. *D'Amico v. Treat,* 379 F.Supp. 1005 (N.D.Ill.1974); *Walker v. Weaver,* 266 F.Supp. 415 (M.D. Pa.1967). Since this action does not rest on diversity of citizenship, under 28 U.S.C. § 1391(b) the plaintiff must bring his action in the judicial district where all the defendants reside or in which his claims arose. Here the plaintiff is an inmate in the Oklahoma State Penitentiary at McAlester, Oklahoma in the Eastern Judicial District of Oklahoma. The defendant Warden resides in the Eastern Judicial District of Oklahoma, and the other two defendants reside in the Western Judicial District of Oklahoma. The plaintiff's complaints arose in the Eastern Judicial District of Oklahoma. Whenever an action could not have been properly brought in a district and no reason appears why it would be more in the interest of justice for the court to transfer the case than to dismiss it, it should be dismissed. 28 U.S.C. § 1406(a). The plaintiff should have brought this action in the Eastern Judicial District of Oklahoma and for this reason the Complaint should be dismissed. *Jaynes v. Jaynes,* 496 F.2d 9 (CA2 1974); *Daugherty v. Procunier,* 456 F.2d 97 (CA9 1972). See also *Walker v. Weaver,* supra, where the court denied leave to proceed in forma pauperis and *Jones v. Bales,* 58 F.R.D. 453 (N.D.Ga.1972), affmd., 480 F.2d 805. Certainly no reason appears why it would be more in the interest of justice to transfer the case than to dismiss it.

Accordingly, the Motion to Dismiss will be sustained for the reasons stated and the cause will be dismissed.

IT IS SO ORDERED.