**Ernest TUCKER, Plaintiff,**

v.

**J. Michael QUINLAN, Director, U.S. Bureau of Prisons, and Richard L. Thornburgh, Attorney General of the United States, Defendants.**

**Civ. A. No. 90–0075 SSH.**

United States District Court,
District of Columbia.

Oct. 16, 1990.

Ernest Tucker, Leavenworth, Kan., pro se.

Marina U. Braswell, Asst. U.S. Atty., Washington, D.C., for defendants.

### MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendants' motion to dismiss. Upon consideration of the motion, plaintiff's opposition, and the entire record, the Court concludes that the motion should be granted.

Plaintiff is an inmate at the federal penitentiary in Leavenworth, Kansas. He filed this action claiming that defendants violated his Eighth Amendment right to adequate medical care. Specifically, plaintiff claims that defendants have ignored a knee condition that requires surgery.

In order to state a claim for inadequate medical care under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429

U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Plaintiff's alleged condition would satisfy the serious medical need requirement, however, plaintiff states no facts that would support a finding of deliberate indifference toward that need. On the contrary, plaintiff's complaint and the attached exhibits indicate that several doctors have examined plaintiff's knee. In addition, Attachment A to defendants' motion reveals that an orthopedic specialist examined plaintiff's knee on February 21, 1990, and found no orthopedic disease after conducting an arthrogram. The doctor's report also indicates that plaintiff received physical therapy which improved his condition "considerably." These facts clearly preclude a finding of deliberate indifference toward plaintiff's condition.

Despite the doctor's finding, plaintiff maintains that his knee requires surgery, that it has since June, 1987, and that the delay in providing surgery constitutes a showing of deliberate indifference. Plaintiff's personal opinion that his knee requires surgery is insufficient to support an Eighth Amendment claim. *See, e.g., Smart v. Villar,* 547 F.2d 112, 114 (10th Cir.1976); *Henderson v. Sec'y of Corrections,* 518 F.2d 694, 695 (10th Cir.1975). Furthermore, plaintiff's own exhibits indicate that, during the period he claims treatment has been delayed, prison medical personnel, including at least three doctors, have examined his knee. Thus, the Court finds no evidence of a delay constituting deliberate indifference. Accordingly, it hereby is

ORDERED, that defendants' motion to dismiss this action is granted.

SO ORDERED.