F I L E D
**United States Court of Appeals
Tenth Circuit**

**JUN 19 2000**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY SHANE McGEE,

     Plaintiff-Appellant,

v.

DR. BLOOR; DR. NEUFELD;
TRACY LOTT; ERNIE PYLE;
DONICE NEAL; RON JOHNSON;
SGT. HUDSPETH,

     Defendants-Appellees.

No. 99-1536
(District of Colorado)
(D.C. No. 98-B-1002)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Gregory McGee, proceeding *pro se* and *in forma pauperis*, appeals from a portion of an order of the district court granting the defendants' "Motion to Dismiss and/or For Summary Judgment."[1] McGee filed this civil rights suit pursuant to 42 U.S.C. § 1983, alleging, *inter alia*,[2] that the defendants had denied him adequate medical care in violation of the Eighth Amendment. On initial review pursuant to 28 U.S.C. § 636, a magistrate judge recommended that the defendants' motion be granted and the case dismissed. In particular, the magistrate judge thoroughly cataloged the undisputed evidence and concluded that McGee had received consistent care for his medical conditions. Although McGee was clearly dissatisfied with the treatment plan advanced by the defendants, the magistrate correctly noted that differences of opinion between a prisoner and physicians concerning the need or treatment or the adequacy of treatment do not constitute deliberate indifference to serious medical need. *See Johnson v.*

---

[1]Because it appeared that McGee had not timely filed his notice of appeal, this court issued a show cause order directing the parties to brief the question of whether this court had jurisdiction. Because the prison mail log demonstrates that McGee placed his notice of appeal in the prison mailbox within thirty days of the district court's judgment, this court has appellate jurisdiction. *See* Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).

[2]Although McGee raised several additional claims before the district court, his appellate filings focus exclusively on his claim that he has not received adequate medical attention. Issues asserted before the district court but not raised on appeal are deemed waived. *See Harris v. Champion*, 51 F.3d 901, 905 (10th Cir. 1995).

*Stephan*, 6 F.3d 691, 692 (10th Cir. 1993). Upon *de novo* review, the district court adopted the magistrate judge's recommendation and dismissed the action.

Upon *de novo* review, this court finds that it has nothing to add to the clear and thorough analysis of the magistrate judge. The record is clear that McGee received consistent medical attention and that this dispute amounts to nothing more than a disagreement between McGee and the defendants as to the proper course of treatment. *See Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) ("The prisoner's right is to medical care–not to the type or scope of medical care which he personally desires. A difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983).

In light of magistrate judge's clear explication of the appellate record and the applicable law, McGee's appellate assertions that he is entitled to direct his own treatment plan are clearly frivolous. Accordingly, this court **DISMISSES** this appeal for substantially those reasons set forth in the magistrate judge's report and recommendation dated August 30, 1999. *See* 28 U.S.C. § 1915(e)(2)(b). This dismissal counts as a strike for purposes of § 1915(g).

McGee is reminded that despite this court's dismissal of his appeal pursuant to § 1915(e)(2)(B), he remains obligated to continue making partial payments of the appellate filing fee pursuant to § 1915(b).

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge