**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD EMMETT KNEEN,

        Plaintiff - Appellant,

v.

ARI ZAVARAS; MARY KAY
CARTER; LOUIS CABILING; ATUL
VAHIL,

        Defendants - Appellees,

and

D. SMELSER; JUDY BRIZENDINE,

        Defendants.

No. 13-1000
(D.C. No. 1:10-CV-01284-RBJ-MEH)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Plaintiff-Appellant Ronald Kneen filed a pro se 42 U.S.C. § 1983 prisoner civil rights appeal.[1]  Mr. Kneen challenges the district court's grant of summary judgment on his Eighth Amendment deliberate-indifference claim in favor of his medical-care provider, Dr. Louis Cabiling.  Mr. Kneen also filed an *in forma pauperis* ("IFP") motion.  Exercising jurisdiction under 28 U.S.C. § 1291, we **affirm** the district court's judgment and **deny** Mr. Kneen's IFP motion.

## I

## A

Mr. Kneen began seeing Dr. Cabiling on January 19, 2007, for Hepatitis C treatment while incarcerated at a private prison facility.  Hepatitis C is a virus that damages the liver; it is "typically slowly progressive over the course of decades.  After two to three decades of chronic infection, about 25% of patients develop cirrhosis of the liver."  R., Vol. I, at 801 (Aff. of Dr. Louis Cabiling).  It is undisputed that, at the outset of their physician-patient relationship, Dr. Cabiling advised Mr. Kneen that he needed to enroll in a drug and alcohol class ("substance-abuse class") in order to qualify for antiviral treatment under the clinical standards of the Colorado Department of Corrections ("CDOC").  In this

---

[1]  Because Mr. Kneen proceeds on appeal pro se, we construe his appellate filings liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).  Mr. Kneen initiated his lawsuit pro se but the district court appointed him counsel and, with the assistance of counsel, Mr. Kneen amended his complaint.

2

regard, it is uncontested that:

> Successful treatment of Hepatitis C does not provide immunity to re-infection and re-infected patients are not candidates for re-treatment. Therefore, the CDOC requires offenders to undergo drug and alcohol treatment prior to receiving antiviral therapy in order to educate offenders on how to avoid risky habits/behaviors that can lead to re-infection.

*Id.* at 802. Moreover, "alcohol use accelerates the development of cirrhosis in patients with Hepatitis C, causing end stage liver disease. Alcohol use also reduces the efficacy of Hepatitis C antiviral treatment." *Id.* at 809. Mr. Kneen has a history of drug and alcohol use and has been disciplined for possession of alcohol while incarcerated.

Dr. Cabiling commenced monitoring and prescribing medications to ameliorate Mr. Kneen's Hepatitis C. He referred Mr. Kneen to the substance-abuse class and asked him upon completion of the class to furnish documentation attesting to this fact. Ultimately, Mr. Kneen submitted such documentation to Dr. Cabiling. Thereafter, on February 23, 2009, Dr. Cabiling began to determine Mr. Kneen's eligibility for antiviral treatment by ordering a Hepatitis C workup. Dr. Cabiling subsequently treated Mr. Kneen's other medical conditions so that Mr. Kneen could meet the medical requirements for referral to a state facility for antiviral treatment; on November 23, 2009, Dr. Cabiling made the referral.

**B**

Mr. Kneen filed and then amended a complaint bringing Eighth Amendment

3

claims under 42 U.S.C. § 1983 against CDOC's employees and employees of the private prison facility where he was incarcerated; Dr. Cabiling was among the latter.[2] The district court granted summary judgment in favor of all of the defendants on all of Mr. Kneen's claims. In particular, finding no evidence of deliberate indifference, the court concluded that Mr. Kneen "ha[d] not established a triable issue as to whether Dr. Cabiling violated Mr. Kneen's constitutional rights, and summary judgment must be granted to Dr. Cabiling." *Id.* at 1391 (Order, filed Nov. 13, 2012). Mr. Kneen filed a notice of appeal, challenging only the court's ruling in favor of Dr. Cabiling. He also filed a motion to proceed on appeal IFP.

## II

### A

Mr. Kneen renews the two arguments that he made before the district court. First, he contends that the timing of when he initially provided documentation of his completion of the substance-abuse class to Dr. Cabiling is a genuinely disputed material fact that precludes summary judgment. According to Mr. Kneen, Dr. Cabiling acted with deliberate indifference by delaying his antiviral Hepatitis C treatment for at least three years. Second, Mr. Kneen claims that Dr. Cabiling showed deliberate indifference by "do[ing no] more than simply

---

[2] Specifically, Mr. Kneen sued Defendants Aristedes Zavaras, Mary Kay Carter, Dr. Atul Vahil, and Dr. Louis Cabiling.

4

monitor[ing] the progression of a dangerous disease." Aplt. Opening Br. at 5.

We have described the operative summary-judgment standard as follows:

> Our review of a district court's summary judgment ruling is de novo; we "apply[ ] the same standard as the district court." "[S]ummary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In assessing a motion for summary judgment, "[w]e view the facts, and all reasonable inferences those facts support, in the light most favorable to the nonmoving party."
>
> Succinctly put, we must "examine the record to determine whether any genuine issue of material fact [i]s in dispute; if not, we determine . . . [the correct application of the] substantive law . . . , and in so doing we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion."

*EEOC v. Abercrombie & Fitch Stores, Inc.*, 731 F.3d 1106, 1116 (10th Cir. 2013) (alterations and omissions in original) (citations omitted) (internal quotation marks omitted); *accord Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006); *see also Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) ("In a deliberate indifference case under the Eighth Amendment, we look at the factual record and the reasonable inferences to be drawn from the record in the light most favorable to the non-moving party.").

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Deliberate indifference has an objective component and a subjective component. *See id.* at 834. Under the objective component, a plaintiff

5

must prove that his alleged deprivation was "sufficiently serious." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)) (internal quotation marks omitted). "A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (internal quotation marks omitted).

As for the subjective component, a plaintiff must demonstrate that the prison official was aware of and ignored an excessive risk to the inmate's health or safety. *See Farmer*, 511 U.S. at 837; *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). "[O]bduracy and wantonness . . . characterize" deliberate indifference. *Whitley v. Alber*s, 475 U.S. 312, 319 (1986). So "[t]he subjective component is akin to recklessness in the criminal law, where, to act recklessly, a person must consciously disregard a substantial risk of serious harm." *Self*, 439 F.3d at 1231 (internal quotation marks omitted). Therefore, "the subjective component is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment," *id.* at 1232, let alone where "the record shows [a medical-care provider] made a good faith effort to diagnose and treat [an inmate's] medical condition," *Mata v. Saiz*, 427 F.3d 745, 761 (10th Cir. 2005).

The district court found that Mr. Kneen had established the objective component of his deliberate-indifference claim; Dr. Cabiling does not dispute this

6

on appeal. He does argue, however, that Mr. Kneen's summary-judgment showing does not satisfy the subjective component. Like the district court, we agree with Dr. Cabiling on this point.

**1**

Mr. Kneen first argues that Dr. Cabiling exhibited deliberate indifference because he claims to have given Dr. Cabiling proof of his completion of the substance-abuse class in February 2007, but Dr. Cabiling allegedly waited nearly three years to initiate the process of referring him to antiviral treatment—that is, until November 19, 2009. Mr. Kneen's argument is premised, however, on a chronology of events that is not borne out by the record, even when the record is viewed in the light most favorable to him. Moreover, we conclude that, even assuming the truth of Mr. Kneen's claims about timing, they would be immaterial in light of the district court's correct determination that Mr. Kneen "presented no evidence that the doctor's treatment decisions reflected anything other than considered medical judgment." R., Vol. I, at 1391.

To arrive at the three-year figure, Mr. Kneen relies on his own assertion in his brief that he gave Dr. Cabiling proof of completion of the substance-abuse class in February 2007. He purports to find support for this assertion in the same affidavit and Ambulatory Health Record that the district court considered. But the district court correctly found that neither the affidavit nor the health record supports Mr. Kneen's assertion.

7

Mr. Kneen's affidavit does not show that Dr. Cabiling waited three years to refer Mr. Kneen for antiviral treatment. Rather, Mr. Kneen attested in his affidavit that he gave Dr. Cabiling the completion documentation for the substance-abuse class on February 1, *2008*—a year later than Mr. Kneen claims in his brief. The district court pointed out, moreover, that even the affidavit's later date of February 1, 2008, appears too early, compared to the Ambulatory Health Record that Mr. Kneen also cites. That record reflects that on February 1, 2008, Dr. Cabiling merely *referred* Mr. Kneen to the substance-abuse class; it does not show that Mr. Kneen submitted proof of completion of that class on that date. Indeed, the health record reflects that Dr. Cabiling was still asking Mr. Kneen to send him proof of completion of the substance-abuse class as late July 30, 2008.

To be sure, as the district court correctly recognized, the record is not clear concerning the precise date that Mr. Kneen submitted the completion documentation to Dr. Cabiling. But the only evidence in the record suggesting that Mr. Kneen submitted the documentation before February 2009 is his own affidavit, and even that affidavit conflicts with the three-year claim that Mr. Kneen advances in his brief to support his deliberate-indifference claim. Ultimately, when we consider what the record *does* reveal concerning Dr. Cabiling's treatment of Mr. Kneen, we agree with the district court that this purported timing dispute is immaterial to the question of whether Dr. Cabiling acted with a culpable state of mind within the meaning of the Eighth

8

Amendment—*viz.*, whether Dr. Cabiling's mindset was deliberately indifferent. For, even if Dr. Cabiling did receive the completion documentation in February 2008, as Mr. Kneen's affidavit indicates, the record reveals that Dr. Cabiling was actively engaged in tending to Mr. Kneen's medical needs at every point up until the time that he referred Mr. Kneen to a state facility for antiviral therapy.

Specifically, the record shows that Dr. Cabiling repeatedly interacted with Mr. Kneen and provided medical care from January 19, 2007, to November 23, 2009. Prior to receiving the completion documentation for the substance-abuse class, Dr. Cabiling monitored Mr. Kneen through numerous appointments, prescribing him medications to address his various ailments. After he received the completion documentation, Dr. Cabiling initiated procedures for determining Mr. Kneen's eligibility for antiviral therapy. Dr. Cabiling then tested for and addressed Mr. Kneen's other medical conditions obstructing antiviral treatment so that Mr. Kneen met the medical requirements for such treatment.

There is no evidence on this record that Dr. Cabiling consciously ignored a substantial risk of serious harm to Mr. Kneen. The record instead shows that Dr. Cabiling, in requiring Mr. Kneen to submit the required documentation, exercised reasonable medical judgment, which does not constitute deliberate indifference. *See Self*, 439 F.3d at 1232 ("[T]he subjective component is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment."). In sum, we agree with the district court's

9

determination that the evidence does not support Mr. Kneen's deliberate-indifference claim with regard to the subjective component and, more specifically, that Mr. Kneen's purported factual dispute as to when he provided the completion documentation to Dr. Cabiling is immaterial.

**2**

In resisting this conclusion, in his second argument, Mr. Kneen asserts that, over nearly three years, Dr. Cabiling provided "no *actual* treatment" because he allegedly "did little else" besides monitoring Mr. Kneen's "deteriorating condition." Aplt. Opening Br. at 5. The district court found no evidence to validate this assertion—nor have we.

Even assuming that monitoring cannot qualify as treatment—an assumption for which Mr. Kneen has provided no legal support—it is plain that in addressing Mr. Kneen's Hepatitis C, Dr. Cabiling did more than simply monitor him. From January 19, 2007 to November 23, 2009, he conducted physical examinations and tests of Mr. Kneen and prescribed him medication. And, in the context of this treatment, Dr. Cabiling advised Mr. Kneen that he should enroll in a substance-abuse class. After Mr. Kneen verified that he had completed the program, Dr. Cabiling ordered further testing before referring Mr. Kneen to antiviral therapy. In these circumstances, "where a doctor orders treatment consistent with the symptoms presented and then continues to monitor the patient's condition, an inference of deliberate indifference is unwarranted under our case law." *Self*, 439

10

F.3d at 1232–33.

At bottom, Mr. Kneen's argument here amounts to no more than a layperson's disagreement with the scope and adequacy of the medical treatment provided by a medical professional (i.e., Dr. Cabiling). However, as a matter of law, such a disagreement does not establish an Eighth Amendment claim. Mr. Kneen's "right is to medical care—*not* to the type or scope of medical care which he personally desires. A difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983." *Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) (emphasis added); *see Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993) ("[A] quarrel with the doctor as to treatment for . . . hepatitis . . . raise[s] no constitutional issue."). Accordingly, the district court was correct in rejecting Mr. Kneen's second argument and in ultimately concluding that Mr. Kneen failed to satisfy the subjective component of his Eighth Amendment claim.

**B**

Mr. Kneen has filed a motion to proceed IFP in this appeal. Based on the foregoing, however, we conclude that Mr. Kneen's brief presents no "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (internal quotation marks omitted). We therefore deny Mr. Kneen's motion to proceed IFP; we direct him to make full payment forthwith.

11

**III**

For the reasons stated above, we **AFFIRM** the district court's grant of summary judgment to Dr. Cabiling on Mr. Kneen's deliberate-indifference Eighth Amendment claim and **DENY** Mr. Kneen's motion to proceed IFP on appeal.

Entered for the Court

JEROME A. HOLMES
Circuit Judge