Charles V. SHILLINGFORD, Plaintiff,

v.

Van E. HOLMES, Individually and as a Police Officer of New Orleans Police Department and the XYZ Insurance Company, Defendants.

Civ. A. No. 78–3702.

United States District Court,
E. D. Louisiana.

April 22, 1980.

D. Douglas Howard, Jr., New Orleans, La., for plaintiff.

Donald A. Hoffman, New Orleans, La., for defendants.

CASSIBRY, District Judge:

The plaintiff Charles V. Shillingford seeks to recover for alleged severe injuries to his face inflicted by the defendant Van E. Holmes, an officer of the New Orleans Police Department, when he slammed his nightstick into plaintiff's camera with such force that the impact forced the camera into plaintiff's face. The plaintiff contends that the defendant, while acting under color of state law, deprived him of rights guaranteed by the Constitution of the United States, and is liable for his damages under 42 U.S.C. § 1983.

The defendant filed no answer to the complaint, a default was entered on motion of plaintiff, and a hearing was held on his motion for judgment of default at which he was the only witness. To further establish his claim the plaintiff introduced the record

of his treatment at Veteran's Administration Hospital in New Orleans, a proposed surgical fee of approximately $500.00 of Dr. Richard M. Monihan of Northfield, New Jersey for an outpatient scar revision, the deposition of Edgar M. Morgan, Jr., supervisor of the Internal Affairs Bureau of the New Orleans Police Department, and a bill from a camera shop in New Jersey showing the replacement cost of his camera to be $449.98. After considering the complaint, the evidence, the exhibits and the law governing this case, I conclude that the plaintiff has not proven a claim under § 1983 of the Civil Rights Act, and his motion for judgment of default is DENIED.

## FINDINGS OF FACT

### I.

On the evening of January 29, 1978 the plaintiff, a resident of the State of New Jersey, was in New Orleans, Louisiana to participate in the Mardi Gras festivities. At the time of the incident which is the subject of his complaint he was observing a Mardi Gras parade on the neutral ground of Canal Street.

### II.

While he was photographing the efforts of four or five policemen to apprehend a boy in the street, the defendant suddenly hit his camera with a nightstick, breaking the camera, and forcing it into his face, and threatened to put him in jail for photographing the police activity.

### III.

The plaintiff went to police headquarters to complain of the policeman's conduct and identified the defendant Holmes from pictures. As a result of the internal investigation the defendant was suspended from duty for 120 days, without pay.

### IV.

On the following day the plaintiff sought treatment at Veterans Hospital. He was found to have a small, linear laceration of the forehead, over which a strip tape was placed. He had headaches for a month for which he took pain pills. He had no other medical treatment. The unsutured laceration has resulted in a scar on his forehead which can be corrected by outpatient plastic surgery.

## CONCLUSIONS OF LAW

### I.

The court has jurisdiction of this matter under 28 U.S.C. §§ 1331 and 1343(3).

### II.

The Civil Rights Act, § 1983, provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

█ The Act thus prescribes two elements as requisite for recovery: (1) the conduct complained of must have been done by some person acting under color of state law; and (2) such conduct must have subjected the complainant to the deprivation of rights, privileges or immunities secured to him by the Constitution and laws of the United States. *Marshall v. Sawyer*, 301 F.2d 639, 646 (9th Cir. 1962); *Basista v. Weir*, 340 F.2d 74 (3d Cir. 1965); *York v. Story*, 324 F.2d 450 (N.D.Ind.1970).

### III.

█ Application of excessive, undue, and brutal force by law enforcement officers deprives a person of liberty without due process of law within the meaning of the Fourteenth Amendment. *Jenkins v. Averett*, 424 F.2d 1228 (4th Cir. 1970); *Johnson v. Glick*, 481 F.2d 1028 (2d Cir. 1973); *Curtis v. Everette*, 489 F.2d 516 (3d Cir. 1973); *Hamilton v. Chaffin*, 506 F.2d 904 (5th Cir. 1975); *Reed v. Philadelphia Housing Authority*, 372 F.Supp. 686 (E.D.Pa.1974).

## IV.

 It is well established that not every action that constitutes a state law tort of assault or battery is a violation of a constitutional right under Section 1983 when it is committed under color of law. *Johnson v. Glick,* supra; *Meredith v. State of Arizona,* 523 F.2d 481 (9th Cir. 1975); *Townes v. Swenson,* 349 F.Supp. 1246 (W.D.Mo.1972); *Davidson v. Dixon,* 386 F.Supp. 482 (D.Del. 1974); *Fowler v. Vincent,* 452 F.Supp. 449 (S.D.N.Y.1978); *Lamb v. Hutto,* 467 F.Supp. 562 (E.D.Va.1979).

## V.

The conduct complained of must be "brutal" and "shock the conscience" to deprive the victim of due process of law under the Fourteenth Amendment. *Rochin v. California,* 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952); *Johnson v. Glick,* supra; *Townes v. Swenson,* supra; *Davidson v. Dixon,* supra; *Vargas v. Correa,* 416 F.Supp. 266 (S.D.N.Y. 1976).

## VI.

 A plaintiff, therefore, must show more than that he suffered an intentional tort at the hands of a defendant acting under color of state law; he must prove acts which amount to shocking, brutal conduct. Where the constitutional line should be drawn in any case is intimately related to the particular facts. *Johnson v. Glick,* supra; *Davidson v. Dixon,* supra.

## VII.

The leading case of *Johnson v. Glick,* supra, at p. 1033, has suggested that "In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Followed in *Hamilton v. Chaffin,* supra; *Fowler v. Vincent,* supra; *Vargas v. Correa,* supra.

## VIII.

 The conduct of the defendant Holmes in this case does not cross the constitutional line. There was no need whatever for his striking plaintiff's camera with his nightstick, and his doing so was wholly inappropriate police action as evidenced by the fact that he was suspended for it. The plaintiff was not severely injured, however, when the camera was forced against his face by the impact. He did not consider it serious enough to require immediate medical attention, and at one point in his medical record the laceration is referred to as "superficial". One blow causing this mild injury is not the brutal force resulting from malicious and sadistic behavior which would raise this incident to constitutional deprivation. Accordingly, the motion for default judgment is DENIED.

The clerk shall prepare judgment dismissing plaintiff's suit at his cost.