**Charles V. SHILLINGFORD, Plaintiff,**

v.

**Van E. HOLMES, Individually and as a Police Officer of New Orleans Police Department and the XYZ Insurance Company, Defendants.**

Civ. A. No. 78–3702.

United States District Court,
E. D. Louisiana.

March 16, 1981.

D. Douglas Howard, Jr., New Orleans, La., for plaintiff.

George R. Simno, III, New Orleans, La., for defendants.

CASSIBRY, District Judge:

This case is before me on remand from the Fifth Circuit Court of Appeals, which reversed my earlier decision denying plaintiff's motion for judgment of default. *Shillingford v. Holmes*, 634 F.2d 263 (5th Cir., 1981). Earlier I dismissed the instant suit because I did not believe that the plaintiff had proved a claim under 42 U.S.C. § 1983. In my opinion, the conduct of the defendant police officer, although wholly inappropriate, did not rise to constitutional proportions. *Shillingford v. Holmes*, 490 F.Supp. 795 (E.D.La.1980).

In reversing my decision, the Court of Appeals held that the defendant police officer's actions did constitute a legal violation of constitutional dimensions. On remand, the only remaining questions presented relate to the relief that should be granted the plaintiff.

### FINDINGS OF FACT

#### I.

On the evening of January 29, 1978 the plaintiff, a resident of the State of New Jersey, was in New Orleans, Louisiana to participate in the Mardi Gras festivities. At the time of the incident, which is the subject of his complaint, the plaintiff was observing a group of four or five New Orleans police officers who were engaged in apprehending a boy on the street during the Mardi Gras parade.

## II.

Defendant, one of the police officers, saw the plaintiff photographing the incident. Plaintiff was holding the camera to his face. Defendant struck the camera and the plaintiff with his nightstick, destroying the camera, forcing it into the plaintiff's face which lacerated his forehead. Defendant additionally threatened to arrest the plaintiff and to put him in jail for photographing the police activity. Plaintiff was not involved in the arrest incident and did not interfere with the police officers in any fashion.

## III.

The plaintiff went to police headquarters to complain of the policeman's conduct and identified the defendant Holmes from pictures. As a result of the internal investigation the defendant was suspended from duty for 120 days, without pay.

## IV.

On the following day the plaintiff sought treatment at Veterans Hospital. He was found to have a small, linear laceration of the forehead, over which a strip tape was placed. He had headaches for a month for which he took pain pills. He had no other medical treatment. The unsutured laceration has resulted in a scar on his forehead which can be corrected by outpatient plastic surgery.

### CONCLUSIONS OF LAW

#### I.

The court has jurisdiction of this matter under 28 U.S.C. §§ 1331 and 1343(3).

*COMPENSATORY DAMAGES*

#### II.

Plaintiff naturally is entitled to be fairly compensated for injuries caused by the violation of his constitutional rights. *Carey v. Piphus*, 435 U.S. 247, 255–265, 98 S.Ct. 1042, 1047–1053, 55 L.Ed.2d 252 (1978). Accordingly, I find that plaintiff is entitled to $1,000.00 to compensate him for the cost of his camera and his expenses to surgically remove the scar caused by the accident.

## III.

Plaintiff, in addition, is entitled to compensatory damages for humiliation, emotional distress and pain and suffering for the deprivation of his civil rights protected by Section 1983. Although such compensatory damages are inherently incapable of exact measurement, they clearly are recoverable. *See Hughes v. Dyer*, 378 F.Supp. 1305, 1310 (W.D.Mo.1974). After careful consideration of the testimony, I find that plaintiff is entitled to an award of $1500.00 as compensatory damages for emotional distress and humiliation caused by defendant's unwarranted act.

*PUNATIVE DAMAGES*

#### IV.

Punitive damages are recoverable under Section 1983 in an appropriate case. *Basista v. Weir*, 340 F.2d 74, 87 (3rd Cir. 1965). The standard in the Fifth Circuit is set forth in *Lee v. Southern Home Sites Corporation*, 429 F.2d 290, 294 (5th Cir. 1970):

"[P]unitive damages . . . may be imposed if a defendant has acted wilfully and in gross disregard for the rights of the complaining party." [Citations omitted].

The court additionally states that:

"The allowance of such damages inherently involves an evaluation of the nature of the conduct in question, the wisdom of some form of pecuniary punishment and the advisability of a deterrent."

The imposition of punitive damages and the amount thereof lies within the discretion of the trier of fact. *See Lee v. Southern Home Sites Corporation, supra*, 429 F.2d at 294.

#### V.

The court is convinced that the evidence in this case is sufficient to justify an award of punitive damages against the defendant police officer. His actions in striking plaintiff, a mere bystander on the public streets, and his camera, to prevent him from photographing the police officers' efforts in ap-

prehending a fleeing boy compels the conclusion that the defendant police officer acted deliberately, in bad faith, for an improper motive and in gross disregard for the constitutional rights of the plaintiff. A citizen in a free society should expect to be free from unwarranted, unauthorized and malicious assaults and physical intrusions by the local police.

### VI.

Accordingly, I find and conclude that this is a proper case for awarding punitive damages to plaintiff. An amount of $5,000.00 will be so awarded. Such an award, in cases like this case, will deter other persons from ignoring the command of Section 1983, which seeks, *inter alia*, to prevent the abuse of discretion and authority of those persons acting under color of state law.

Judgment shall be entered in accordance with this opinion and costs of suit herein shall be assessed against the defendant.