**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GERARDO THOMAS GARZA,

      Plaintiff–Appellant,

v.

STEVEN TURLEY; BILLIE CASPER;
BRYANT HERMAN; DANIEL
SPARKS; ERIC DIFRANCESCO;
RICHARD GARDEN, Dr.; TOM
ANDERSON; BLAKE NIELSON; B.
OAKLEY,

      Defendants–Appellees.

No. 11-4115
(D.C. No. 2:09-CV-00801-DAK)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY**, and **LUCERO**, Circuit Judges.

      Gerardo Thomas Garza, a Utah state prisoner proceeding pro se, appeals the

grant of summary judgment to defendant prison officials on his claim they violated

the Eighth Amendment by failing to provide him with medically necessary footwear.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

      [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

# I

In September 2007, prison medical personnel diagnosed Garza with "[s]light cavus deformity with mild clawing of the third and fourth toes of bilateral feet exacerbated by swing phase."  The clinician prescribed well-padded supportive shoes with Velcro closures to help with Garza's foot problems.  Garza also received insoles for these shoes.  In February 2008, a different prison clinician referred Garza to an orthotics provider for "padd[ed] shoes with wide toe backs" and "potentially orthotic inserts."  Later that month, the orthotics provider fitted him for custom-made shoes and inserts.

On March 13, 2008, Garza was transferred to the prison's Uinta 1 Facility. Two weeks later, he received his new custom-fitted shoes.  However, these shoes had shoelaces instead of Velcro straps, and inmates at Uinta 1 are prohibited from possessing shoes with laces due to security concerns.  Accordingly, prison officials confiscated Garza's custom-fitted shoes, but they permitted him to keep his special insoles.  That fall, medical personnel reexamined Garza, and the prison ordered him new orthopedic shoes with Velcro closures.  Garza received these shoes, which were not custom-made, on April 1, 2009.  A prison clinician subsequently examined Garza and concluded that although he was referred for custom-fitted shoes "due to his demands," these standard orthopedic shoes were "appropriate for his condition."

Garza filed this suit alleging that by refusing to allow him to retain his custom-fitted orthopedic shoes with shoelaces, defendants violated his rights under the

Eighth Amendment, the Rehabilitation Act of 1973, and the Americans with Disabilities Act ("ADA"). The district court rejected summarily Garza's ADA and Rehabilitation Act claims, finding that his complaint did "not provide sufficient detail to support a claim under either of those statutes." Concerning his Eighth Amendment claim, the district court found that Garza failed to establish that the defendants were deliberately indifferent to his serious medical needs.

## II

## A

Defendants contend that we lack jurisdiction because Garza failed to file a notice of appeal until long after his April 25, 2011 extended deadline had expired. See De Leon v. Marcos, 659 F.3d 1276, 1280 (10th Cir. 2011). Garza maintains, however, that his notice of appeal was timely by application of the "prison mailbox rule." Price v. Philpot, 420 F.3d 1158, 1163-64 (10th Cir. 2005). Under that rule, a "pro se prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." Id. at 1164.

The record in this case contains a form from the prison's Division of Institutional Operations with file stamps showing that Garza provided what appears to be the notice of appeal to a correctional officer on April 22, 2011—three days before the deadline. Thus, regardless of when the prison mailed the document, Garza

has satisfied the requirements of the prison mailbox rule, and his notice of appeal is timely.

**B**

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

**1**

Throughout his appellate presentation, Garza complains that the defendants testified falsely in their summary judgment affidavits. But he does not identify any specific falsehoods or explain how the allegedly false testimony involves a genuine issue of material fact that would preclude the entry of summary judgment. Although we liberally construe the pleadings of a pro se litigant, we will not craft his arguments for him. See Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991). We discern no sufficiently developed appellate argument on this point.

Garza has also waived any challenge to the district court's dismissal of his ADA and Rehabilitation Act claims. Garza mentions the ADA and the Rehabilitation Act in his appellate brief, but he has failed to construct any argument using the language of these statutes or to specifically contest the district court's determination

- 4 -

that his ADA and Rehabilitation Act claims were deficiently pleaded.  Accordingly, we will confine our analysis to his Eighth Amendment claim.

**2**

The Eighth Amendment requires prison officials to maintain "humane conditions of confinement."  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  To demonstrate a violation of this requirement, a prisoner must first show that the conditions of confinement posed "a substantial risk of serious harm."  Id. at 834.  Second, the prisoner must show that officials acted with "deliberate indifference."  Id.  This second, subjective prong requires proof that the officials were actually aware of the risk and that they failed to take "reasonable measures to abate it."  Id. at 847.

Garza argues that the defendants violated his Eighth Amendment rights by confiscating his custom-made shoes and failing to provide him with an adequate replacement for them.  Garza asserts two problems with the shoes that the prison provided him.  First, the shoes are not "custom made to [his] feet."  Second, Garza claims that because one of his feet is a half-size bigger than the other, he requires a different-sized shoe for each foot.

Neither of these difficulties rises to the level of a constitutional violation.  A "prisoner's right is to medical care—not to the type or scope of medical care which he personally desires."  Henderson v. Sec'y of Corr., 518 F.2d 694, 695 (10th Cir. 1975) (citation omitted) (holding that a prison's failure to provide corrective shoes

did not give rise to a constitutional violation); see also Davidson v. Scully, 155 F. Supp. 2d 77, 82-84 (S.D.N.Y. 2001) (declining to find an Eighth Amendment violation where an inmate received extensive treatment for his podiatric problems but alleged that the prison did not properly treat him because it denied him particular orthopedic shoes). Prison medical staff repeatedly attended to Garza's foot problems. These clinicians concluded that "supportive" or "medical" shoes, rather than custom-tailored shoes, were adequate for Garza's needs. Furthermore, none of the medical personnel who examined Garza concluded that a pair of different-sized shoes was medically necessary. Even if these assessments were mistaken, mere negligence is not sufficient to state a claim under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III

The judgment of the district court is **AFFIRMED**. Garza's motion to proceed in forma pauperis is **GRANTED**. His motion for appointment of counsel is **DENIED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

- 6 -